STATE EX REL. ESTHER BURGER, Relator, v. FRANCIS' H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, Judges of the Kansas City Court of Appeals.—55 S. W. (2d) 422.

Court en Banc, December 16, 1932.

*Randolph & Randolph* for relator.

*Graves & Watkins* and *Silverman & Strop* for respondents.

750

GANTT, C. J.—Plaintiff challenges the opinion of the Kansas City Court of Appeals in Gurgher v. Niedorp, 50 S. W. (2d) 174, as in conflict with decisions of this court. As a guest, she was riding in an automobile owned and driven by defendant. In "rounding" a curve, the automobile overturned and plaintiff was injured. There was evidence tending to show a speed of fifty miles an hour, and evidence tending to show a speed of twenty-five miles an hour. The charging part of the petition follows:

"That the defendant at said time and place carelessly and negligently failed to exercise the highest degree of care in the operation thereof, in that she failed to exercise the highest degree of care for the safety of plaintiff as a passenger therein, and carelessly and negligently failed to exercise the highest degree of care to keep said automobile under proper control, and carelessly and negligently drove and operated said automobile at a high and dangerous rate of speed; carelessly and negligently drove, ran and operated said automobile off of the paved portion of said road; carelessly and negligently attempted to drive, and drove, ran and operated said automobile around a curve in said road at a high and dangerous rate of speed; carelessly and negligently drove, ran and operated said automobile into and against a high bank along the

side of said road so that said automobile while plaintiff was therein was caused to crash into the said bank at a high and dangerous rate of speed and to turn over along the side of said bank and road."

Defendant challenged an instruction given at the request of plaintiff which submitted negligence as follows: (1) Failure to keep the automobile under proper control; (2) excessive speed; (3) negligently ran the automobile from the pavement and against the embankment adjacent to the highway. In ruling the question the Court of Appeals said:

"The negligence stated in the foregoing (part of the petition) might reasonably give rise to a difference of opinion as to whether it is general in part and specific in part or specific in its entirety. But having regard to construction and punctuation, we are of the opinion that the averments concluding at the first semicolon can more reasonably be said to contain only a charge of specific negligence attributable to a high and dangerous rate of speed. The general charge that defendant negligently drove or operated the automobile is qualified by conjoined phrases which include high speed as the only element to characterize the act of defendant as that of negligent management. Management and control are synonymous. There is no other act of omission or commission alleged against defendant which would evidence a lack of proper direction and management. The contention of respondent that the alleged failure to keep the automobile under proper control is in itself a separate and distinct charge of specific negligence can not properly be read into or deduced from the phraseology of the petition."

Relator contends that this construction of the petition violates the rule that pleadings should be liberally construed and is in conflict with Thompson v. Keyes-Marshall Bros., 214 Mo. 487, l. c. 490, et seq., 113 S. W. 1128; Mo. Pac. Ry. Co. v. Continental Bank, 212 Mo. 505, l. c. 517, 111 S. W. 574; Noland v. Railroad, 250 Mo. 602, l. c. 614, 157 S. W. 637; State ex rel. Perkins v. Long, 275 Mo. 169, l. c. 181, 204 S. W. 914; Cobb v. Lindell Ry. Co., 149 Mo. 135, l. c. 143, 50 S. W. 310. She points to no conflict and we find none. She seeks to have this court review the ruling of the Court of Appeals on the question. We are without authority to do so.

The opinion then proceeds as follows:

"If the charge that defendant negligently failed to exercise the highest degree of care to keep said automobile under proper control can be said to constitute a separate and distinct allegation, it must be regarded as general and not specific in character inasmuch as there is no statement of any fact or facts tending to show in what respect the defendant failed to exercise due care.

The essence of the averment is simply this: Defendant negligently drove the car. In view of the petition, evidence, and the instructions in the case at bar we find nothing in the case of Cox v. Reynolds, 18 S. W. (2d) l. c. 578, to support respondent's contention

"Under the circumstances presented here, we think it evident that the first ground of·recovery set out in the instruction can not be justified. It is not joined with any other part of the instruction, but is set out separately as a distinct ground upon which the plaintiff may recover, and is separated from the remaining grounds of specific negligence by the disjunctive 'or.' It authorizes recovery if the jury found 'that defendant carelessly and negligently failed to exercise the highest degree of care in the operation of said automobile to keep same under proper control and management.' This required no finding of fact that would show the manner in which the defendant failed to use due care, independent of the specific grounds of recovery, and no such fact or facts were either alleged or proved. The jury was not confined to the issues and the evidence, but was liberated and commissioned to speculate in reference to what defendant did or failed to do in the management of the car, and in what respect she failed to exercise the highest degree of care, and to find against her upon any conceivable ground arising in the mind of the jury, and independent of the evidence. As we view it the first part of the instruction authorized recovery on the ground of general negligence and is followed by directions that plaintiff may recover upon other separate and distinct grounds of specific negligence. The instruction runs counter to the rule that where plaintiff alleges specific negligence he must recover upon such negligence alone. It also violates the rule that an instruction cannot be broader than the pleadings and the proof, and cannot grant a roving commission to the jury."

▐ In other words, the opinion holds that the charge of "failure to keep the automobile under proper control" is a charge of general negligence. Relator contends that said specification is a charge of specific negligence and that the ruling of the Court of Appeals on the question is in conflict with decisions of this court, which follow: Richardson v. K. C. Rys. Co., 288 Mo. 258, l. c. 267; 231 S. W. 938; Beier v. St. Louis Transit Co., 197 Mo. 215, l. c. 232-233, 94 S. W. 876; Goodwin v. Eugas, 290 Mo. 673, l. c. 684, 236 S. W. 50; Rogles v. United Rys. Co., 232 S. W. 93, l. c. 97.

In the Richardson case it was charged that appellant's employees "failed and neglected to run and operate said car in a manner that said car would be under such control that it would not be run into and against said automobile when they saw, or by the exercise of reasonable care could have seen said automobile ahead of said car on said track and streets." In other words, it was charged

that the employees saw, or should have seen, the automobile on the track ahead of the approaching street car in time to have controlled the speed of said car and stop same before colliding with the automobile, but negligently failed to do so. An examination of the record in that case shows that the instruction given followed the charge of. negligence alleged in the petition. The case was "submitted to the jury solely on the question of whether or not the motorman negligently ran said street car into and against said truck when he saw or by the exercise of ordinary care could have seen said truck ahead of said street car on said track, and, by the exercise of ordinary care, could have stopped said street car and not run it into and against said truck and that he negligently failed so to do." Thus it appears that the charge of negligence in the Richardson case was not a charge that defendant "failed to keep the car under proper control," but was a charge that the employees negligently failed to stop the street car and thereby avoid a collision.

An examination of the record in the Rogles case shows the petition charged that the employees of defendant negligently caused the automobile to suddenly, rapidly and without warning swerve from the street on to the sidewalk and against plaintiff. The instruction followed the petition. · The charge of negligence and the instruction in that case are not similar to the charge of negligence and the instruction in the instant case.

In the Beier and Goodwin cases relator points to no conflict, and we find none.

Assuming that "failure to keep the automobile under control" is a charge of general negligence, relator contends that the instruction authorizing a verdict for her, if they so found, was not prejudicial. She insists that the ruling of the Court of Appeals that said instruction was prejudicial is in conflict with Riley v. City of Independence, 258 Mo. 671, 1. c. 683, 167 S. W. 1022, and Davidson v. St. Louis Transit Co., 211 Mo. 320, 1. c. 361, 362, 109 S. W. 583.

In the Riley case the petition charged specific negligence. It was contended that the instruction allowed a recovery for negligence not pleaded. We held the instruction harmless because the evidence was limited to the acts of negligence pleaded. In the instant case the instruction authorized a verdict on specific negligence and also authorized and invited the jury under the charge of general negligence "to speculate in reference to what defendant did or failed to do in the management of the car."

In the Davidson case the question was not ruled. The judgment was reversed and the cause remanded on other grounds.

It follows the writ should be quashed. It is so ordered.