RAYMOND F. BARNES, APPELLANT, v. CLINT VANDERGRIFT, RESPONDENT.
—238 SW (2) 439.

Springfield Court of Appeals.   March 31, 1951.

*J. A. Appelquist, Robert Stemmons* for Appellant.

400

*Sater & Monroe* for Respondent.

VANDEVENTER, P. J.—This is an appeal from an order of the Circuit Court of Lawrence County, dated August 29, 1950 and sustaining a motion for new trial filed by the defendant. Plaintiff had sued for $403.90 as damages to his automobile suffered in a collision at

the intersection of Highway Route EE and South Street in the city of Mt. Vernon, Missouri. The court specifically stated that its reason for sustaining the motion for new trial was that plaintiff's "Instruction 1 given to the jury was too indefinite and failed to set forth facts to be found by the jury upon which the jury could find the defendant negligent in the cause."

The notice of appeal recited that the plaintiff appeals "from the order sustaining motion for new trial entered in this action on the 29th day of August, 1950."

The record shows that this cause was originally filed in the magistrate court where plaintiff obtained judgment for $403.90. It was tried before the magistrate without a jury. The judgment was rendered on the 24th day of October, 1949 and on that day, the defendant filed what is designated as an "Application for Appeal" and a bond. The application was sustained and the appeal granted to the Circuit court of Lawrence County on that day. Before the trial in the Circuit Court, the plaintiff filed a motion to dismiss the appeal on the grounds (1) that the "plaintiff was not given notice of said Notice of Appeal as required by the laws of the State of Missouri" and (2) "That the attempted appeal in this cause was by 'Affidavit in Appeal' as required by law for an appeal from the Magistrate's Court to Circuit Court in a misdemeanor case, but said affidavit in appeal does not conform to the law in a civil case on appeal from Magistrate Court to Circuit Court as provided for by the Statutes of the State of Missouri."

This motion was overruled after argument and the cause was tried to a jury.

Briefly, the evidence on the part of the plaintiff showed that on the first day of September, 1949, about 5:00 p. m., he was driving north on Highway Route EE in Mt. Vernon, Missouri on the east side of the street at about 25 miles per hour, approaching the intersection. That at the point of collision, there is an intersection with South Street which crosses the Highway east and west. On the southwest corner of this intersection was a filling station and as plaintiff proceeded north, defendant was driving his car from the runway or private driveway of the station into Highway Route EE, south of South Street and on the west side of Highway EE; that as plaintiff was approaching this intersection, defendant drove into the Highway in a northeasterly direction without stopping, and into the intersection and onto the east side of Highway EE and hit the left front fender of plaintiff's car, knocking plaintiff's car into a fire plug and causing considerable damage. That when plaintiff, who was keeping a lookout ahead, saw defendant driving into the Highway and in the path of his car, he was about 30 feet from him and that he honked his horn, applied the brakes, skidded the wheels and swerved to the right but that defendant proceeded onto the east lane of the Highway and the collision occurred.

Defendant's evidence indicated that he had driven from the filling station parking place into South Street, had turned east and was crossing Highway Route EE, was on the east side of the center of Highway EE when the collision occurred. He had looked north and south on the Highway and observed no traffic. Defendant estimated the speed of plaintiff's automobile to be at least 50 miles an hour and said that plaintiff told him he (plaintiff) had his brakes adjusted so "they wouldn't scoot the wheels." Defendant further stated at the time of the collision, his front wheels were off the "blacktop" on the east side of Highway Route EE and the rear end was probably at the center. He did not sound his horn at any time.

Defendant had pleaded contributory negligence on the part of plaintiff. The court gave the following instruction at the request of plaintiff:

"1. (p) The Court instructs the jury that if you find and believe from the greater weight or preponderance of the evidence, that on or about September 1, 1949, the plaintiff was operating an automobile and proceeding northward on Highway Route EE, within the municipality of Mt. Vernon, Missouri, and the plaintiff was driving a 1940 Plymouth Sedan owned by him; and if you further find and believe from the evidence that the defendant did drive an automobile across highway Route EE, at a point near or within the South Street intersection of said Highway Route EE, and if you further find that the defendant did negligently drive the said automobile into the East lane of said Highway Route EE, and if you further find that the defendant did negligently cause the automobile being driven by him to collide violently with the left front portion of plaintiff's automobile, and if you further find from the evidence that at said time and place the defendant while operating a motor vehicle from private property, to-wit: a Phillips 66 Service Station runway located at the southwest corner of Route EE and South Street within the municipality of Mt. Vernon, Missouri, and did negligently enter his motor vehicle into the Highway EE while in danger of collision; and if you further find that the defendant did not give warning to proceed into the highway by sounding his horn and that defendant did negligently drive his automobile onto a highway from private property, and if you further find that the defendant negligently failed to yield the right-of-way in case of doubt to a vehicle already in motion on the highway, to-wit: The plaintiff's said automobile; and if you further find from the evidence that as a direct result of the negligence of the defendant, if any, as aforesaid, the defendant's said automobile collided with the automobile owned by plaintiff and that as a direct result of said collision the plaintiff's said automobile was damaged and depreciated in value, then you will find a verdict for the plaintiff

on the petition filed in this cause, unless you further find that the plaintiff was guilty of contributory negligence as in other instructions defined."

In his motion for new trial, defendant alleged that the court erred in giving this instruction and, as stated, the court sustained the motion upon that ground alone.

The appellant first attacks the jurisdiction of the Circuit Court upon the ground that there was no compliance with the statute relating to appeals from a Magistrate court. (2811.230 Mo. R. S. A., 512.190 R. S. Mo. 1949) This Section provides that an appeal may be taken from a Magistrate's court within 10 days after the judgment is rendered and that a copy shall be mailed by the Magistrate to the Clerk of the Circuit Court of the county and to the opposing party or his attorney of record or served upon him within fifteen days after the judgment was rendered in the manner required by law for the service of notices. It does not set out the form to be used as a notice of appeal.

Section 2811.119 Mo. R. S. A., 517.050 R. S. Mo. 1949, provides that no formal pleadings upon either plaintiff or defendant shall be required in Magistrate courts and Section 2811.238 Mo. R. S. A. 512.270 R. S. Mo. 1949, provides that upon the return of the Magistrate being filed in the office of the Circuit Clerk, the court shall be possessed of the cause and it shall be heard anew "without regarding any error, defect or other imperfection on the trial, judgment or other proceedings of the magistrate or sheriff in relation to the cause."

Whether proper notice of the appeal was served on plaintiff does not appear except by the unverified motion to dismiss the appeal. No evidence was advanced to support that contention and a motion does not prove itself. While the application for appeal was not labelled a notice of appeal and while we do not recommend using such a form, it could not have misled the plaintiff in any particular but must have brought home to him and his counsel the fact that an appeal was taken. It was filed on the day the judgment was rendered. It was sustained the very day it was filed. We think, under the facts in this case, it was a sufficient notice and the circuit court obtained jurisdiction of the cause.

An instruction of the same or similar phraseology as the one objected to (plaintiff's Instruction 1) has been condemned many times by the appellate courts of this state. Yates v. Manchester et al., 358 Mo. 894, 217 S. W. (2) 541. Pearson et al. v. K. C. Ice Co. et al. (Mo. Sup.) 234 S. W. (2) 783. Dahlen v. Wright et al. (Mo. Sup.) 235 S. W. (2) 366. Brooks v. Bernard et al. (Mo. App.) 236 S. W. (2) 46. Alexander v. Hoenshell (Mo. App.) 66 S. W. (2) 164. Burgher v. Niedorp (Mo. App.) 50 S. W. (2) 174, Writ of Certiorari quashed, State ex rel. Burgher v. Trimble, 331 Mo. 748, 55 S. W. (2) 422. See

also Sec. 3, Trusty on Construing and Reviewing Instructions for a clear and enlightening discussion of this subject.

A careful reading of that instruction No. 1, in the light of the above cited cases, clearly demonstrates that there was not a sufficient hypothesization of the facts submitted to the jury upon which they could find defendant's negligence. By this instruction the jury was given a roving commission to speculate and make their own determination as to what conduct constituted negligence.

Instruction 1 is all we are required to consider in this cause but, as this case must be tried again, we do not wish to be understood as approving the inclusion of the word "practicable" in plaintiff's instruction 2 (Bowles v. Eisenmayer (Mo. App.) 22 S. W. (2) 884) and the exclusion of the word "very" between the letter "a" and the word "careful" in defendants instruction 5. (Woods v. Chinn. (Mo. App.) 224 S. W. (2) 583.

From what has been said, it is apparent that the order of the trial court in sustaining the motion for new trial should be affirmed. It is so ordered. *Blair, J.,* and *McDowell, J.,* concur.