## BARNES v. VANDERGRIFT.

### No. 7180.

Springfield Court of Appeals.

Missouri.

Jan. 12, 1954.

Stemmons & Stemmons, J. A. Applequist, Mount Vernon, for appellant.

Sater & Monroe, Monett, for respondent.

BLAIR, Judge.

We will refer to the parties as plaintiff and defendant, as they were known in the trial court, even though plaintiff is now appellant. The case originated in the Magistrate Court of Lawrence County, Missouri, and was there tried by the Honorable Rex V. McPherson, as attorney for the then defendant. While Mr. McPherson was the trial attorney in the first case, his name does not appear as an attorney in the transcript in the present case.

This Court in 238 S.W.2d 439, affirmed an order of the trial court granting a new trial to defendant. Thereafter, the plaintiff in that case filed his case in the Circuit Court of Newton County. In the meantime, Honorable Rex V. McPherson, attorney for defendant in the first case, had been elected as Circuit Judge.

The defendant in this case did not testify as a witness in the trial at Mount Vernon, or produce any testimony in his behalf. Plaintiff there recovered an uncontested verdict from the jury in the sum of $300. Afterward, the trial judge set aside the

verdict of the jury for the then plaintiff, and plaintiff therein has appealed.

The petition alleges that, at about 5:15 or 5:30 P.M. on September 1, 1949, plaintiff, now appellant, was proceeding northward along the Highway, known as Highway EE, or Route EE, in the city of Mount Vernon, and, at the intersection of that Highway with South Street, plaintiff collided with the automobile of defendant, now respondent, who had previously been using the facilities of the gas filling station at the southwest corner of Highway EE and South Street.

Plaintiff evidently thought that defendant would not then move his automobile from the driveway of the filling station to the right side of Highway EE. As soon as plaintiff saw defendant entering Highway EE, he attempted to swerve his automobile so as to avoid striking defendant's automobile. From Exhibit 4, it appears that the two automobiles came together in the traveled portion of Highway EE.

The law in Missouri requires every person operating a motor vehicle to drive the same in a careful and prudent manner, and to exercise the highest degree of care at all times. Section 304.010 RSMo 1949, V.A. M.S.

Defendant filed a counterclaim, but introduced no evidence whatever in support thereof.

As defendant was leaving the gas filling station, he had not yet attained any great speed with his automobile. Plaintiff, in the Mount Vernon case, was moving along the traveled portion of Highway EE at a permissible speed. The collision occurred on the right side of Highway EE, at a place where plaintiff had the right to expect a clear track with his automobile. He had no reason at that time to think that defendant would come clear across the traveled portion of South Street and use the east side of Highway EE. We see no negligence whatever in the plaintiff maintaining his speed with the expectation that he would have a clear track upon the right side of Highway EE. There was nothing to advise him that the defendant was coming upon Highway EE, even at a slow speed. If there was blame at all it was by defendant, and the judgment against the defendant should have been sustained.

The trial court is directed to enter a judgment for plaintiff, in the sum of $300 and costs.

It is so ordered.

McDOWELL, P. J., concurs.