W. U. MYERS, Appellant,

v.

Robert BUCHANAN, F. S. Hunter and
W. P. Hunter, Respondents.

No. 47221.

Supreme Court of Missouri,

En Banc.

March 14, 1960.

Joslyn & Joslyn, L. D. Joslyn, T. B. Russell, Charleston, for appellant.

Finch, Finch & Knehans, Jack O. Knehans, Cape Girardeau, for respondents.

STORCKMAN, Judge.

This is an action for personal injuries and property damage alleged to have been sustained by the plaintiff, W. U. Myers, as the result of a collision between his automobile and a truck owned by the defendants, F. S. and W. P. Hunter, co-partners, and being driven by defendant Robert Buchanan, an employee of the Hunters. The verdict was in favor of the defendants. The plaintiff's motion for a new trial was overruled and he has appealed. The prayer of plaintiff's petition is for damages in the sum of $41,163. The plaintiff on appeal assigns error in the giving of instructions on behalf of the defendants and in permitting improper jury argument.

The plaintiff submitted his case to the jury on a violation of the passing regulations prescribed by Section 304.016 RSMo 1949, V.A.M.S., Laws 1953, pp. 587, 590, which requires the driver of an overtaken vehicle to give way to the right in favor of the overtaking vehicle on audible signal. The defendants gave two instructions on contributory negligence.

The collision occurred on U. S. Highway No. 61, about 14 miles south of Sikeston, on October 8, 1956, at about 2:30 p. m. The pavement, about 24 feet wide, was dry and the day was bright. The defendant Buchanan was driving a ton and a half Chevrolet truck south on Highway 61. The stock rack bed of the truck was 12 feet long and 8 feet wide and the truck was pulling a cotton trailer, approximately 16 feet long and 6 feet wide. The truck was equipped with a rear-view mirror and mechanical signal lights. A signal light was affixed to each of the rear corners of the truck bed and on each of the two front fenders. At the place in question a driveway led from the east edge of the pavement over a culvert or drain pipe and into a field on the east side of the highway. Buchanan was returning from a trip to the cotton gin at Bell City and was in the process of making a left turn into the field road when the collision occurred. Since there is no contention that the driveway was a public road, passing at an intersection is not a question in the case.

The plaintiff, an insurance businessman, was driving his Buick automobile south on Highway 61 on his way to a business engagement in New Madrid. He had acquired the automobile new about six months previously and the brakes were in good condition. The plaintiff overtook and attempted to pass the truck-trailer combination as the defendant Buchanan undertook to turn left into the field road. The front part of the truck was off of the east edge of the

pavement when it was struck near the rear portion of the driver's cab by the right front part of the Buick. At the time of the impact the left wheels of the Buick were on the shoulder, and the right wheels were about 3 feet onto the pavement.

The plaintiff testified that he had been driving at about 55 miles per hour and was traveling at that speed when he came upon and undertook to pass the truck. He estimated that Buchanan was going about 25 miles per hour. When the plaintiff first noticed the truck he was approximately 700 feet behind it. When about 250 or 300 feet from the truck the plaintiff sounded his horn and moved from the southbound into the northbound lane in order to pass; he again sounded his horn when 150 feet away. When about 100 feet from the truck the plaintiff noticed Buchanan was making a "rather abrupt" left turn whereupon the plaintiff sounded his horn, put on his brakes, pulled to his left, and the collision occurred. The plaintiff testified that Buchanan did not hold out his hand at any time and that there were no signal lights flashing on the rear of the truck or trailer.

The defendant Buchanan testified that he had checked his signal lights on the day of the accident and knew that they were in good working order. When he was about 150 yards north of the field road he looked into his rear-view mirror and saw plaintiff's car about a mile behind him. When he was about 100 yards from the road he activated the signal light to indicate a left turn, extended his arm, and began to ease across the center line. When he was about 70 yards from the field road, he looked again and saw that the plaintiff was at least a half mile behind him. He did not hear any horn sounded, but he heard the "squeak" of tires just before the impact. He estimated that the plaintiff was driving at least 75 or 80 miles per hour on the two occasions he saw the automobile in his rear-view mirror. Buchanan testified he was driving at a speed of 25 to 30 miles per hour.

The plaintiff's first assignment of error is that Instruction No. 6 submitting con-tributory negligence is prejudicially erroneous. It reads as follows:

■ "The law imposes a duty on the operator of a motor vehicle to have and keep his vehicle under control at all times so as to be able to stop or swerve the same upon the appearance of danger. In this connection the jury is instructed that if you find and believe from the greater weight of the credible evidence that at the time and place mentioned in evidence, the plaintiff did not have his vehicle under control so as to be able to stop or swerve the same upon the appearance of danger, and if you further find that such failure by plaintiff, if so, was negligence and that such negligence, if any, caused or directly contributed to cause the collision between plaintiff's defendants' vehicles, if so, then your verdict must be for defendants and against the plaintiff."

One aspect of plaintiff's objection to this instruction is that it imposes on him an absolute duty of avoiding the collision instead of requiring the jury to find a set of facts out of which a duty to stop or swerve his automobile would arise. One of defendants' specifications of contributory negligence which the evidence tended to prove was: "The plaintiff then and there negligently and carelessly attempted to pass the defendants' vehicle when the plaintiff saw, or by using reasonable care, could have seen the signal of the defendant Buchanan, indicating his intention to turn to his left of said highway." In view of the manner in which the collision occurred the essential fact in connection with the submission of contributory negligence was that the driver Buchanan signaled for a left turn and that the plaintiff saw, or in the exercise of the highest degree of care, should have seen the signal and failed to heed it. Whether such a signal was given was in dispute. Buchanan testified that he gave the signal by arm and mechanically; the plaintiff denied that the left turn signal was given at any time.

█ As the basis of a duty to stop or swerve his automobile, the jury should have been instructed on a set of facts from which it could find that the plaintiff knew, or in the exercise of the highest degree of care, should have known that defendant Buchanan intended to make a left turn. Highfill v. Brown, Mo., 320 S.W.2d 493, 496 [4]; Dodson v. Gate City Oil Co., 338 Mo. 183, 88 S.W.2d 866, 872 [4]. In Highfill v. Brown a similar instruction was held erroneous for failure to submit to the jury facts on which to base a finding that the plaintiff should have known that the defendant intended to turn left into a driveway. Stakelback v. Neff, Mo.App., 13 S.W.2d 575, 577, held that the law does not impose a duty upon the driver of an automobile to stop or change the course of his car merely because he sees another automobile on the highway ahead of him and that "such duty to act would clearly not arise, unless the exercise of due care upon the part of the driver would lead him to believe that otherwise a collision would occur."

·The plaintiff was required by law to exercise the highest degree of care in the operation of his automobile, Section 304.010 RSMo 1949, V.A.M.S., but the instruction imposes on him the unqualified duty to control his automobile so as to be able at all times to stop or swerve the same "upon the appearance of danger."

Instruction 6 is further erroneous in failing to hypothesize facts essential to a finding of contributory negligence. The abstractions of which it consists are insufficient to furnish proper guidance to the jury as well as being incorrect statements of the law. An instruction authorizing the jury to return a verdict for a party must require the finding of all essential fact issues necessary to establish the legal proposition on which the right to the verdict is based. Gaffner v. Alexander, Mo., 331 S.W.2d 622; Paisley v. Kansas City Public Service Co., 351 Mo. 468, 173 S.W.2d 33, 38 [3]; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872, 875, 876 [4].

In Annin v. Jackson a judgment for the plaintiff was reversed and the cause remanded because of an instruction practically identical with the one now before us. The negligent act charged in the instruction was that the defendant "failed and omitted to have said automobile under control so that it could be readily and reasonably stopped or swerved or the speed thereof slackened upon the appearance of danger". In discussing this submission, this court very aptly said: "It may be possible that situations may arise where the terms control, or management, embrace but a single matter of fact and may of themselves be fully descriptive of the same. But not so in the instant case." We might add that the proper case for such a submission has not yet appeared. Lack or loss of control is usually the result of some antecedent negligent act or omission which is the essential fact that should be hypothesized. See also Johnson v. Flex-O-Lite Mfg. Corp., Mo., 314 S.W.2d 75, 83; Marshall v. St. Louis-San Francisco Ry. Co., 361 Mo. 234, 234 S.W.2d 524, 529; Dodson v. Gate City Oil Co., 338 Mo. 183, 88 S.W.2d 866, 872; State ex rel. Burger v. Trimble, 331 Mo. 748, 55 S.W.2d 422, 423; Burgher v. Niedorp, Mo.App., 50 S.W.2d 174, 176.

█ Plaintiff further says that Instruction 6 ignores "plaintiff's right to pass defendant's vehicle after sounding his horn." He cites Wiseman v. Jackson, Mo.App., 309 S.W.2d 356, 364, in which case an instruction was held erroneous for ignoring plaintiff's theory of the case. The instruction appeared to involve contributory negligence, but the court seemed to consider it a sole cause instruction. But regardless of what the case holds, a defendant's contributory negligence instruction does not need to negative the plaintiff's theory because the plaintiff cannot recover if his negligence contributes to the injury even though the defendant is guilty of negligence as contended by the plaintiff. Montgomery v. Ross, Mo., 218 S.W.2d 99, 102 [2]; Long v. Mild, 347 Mo. 1002, 149 S.W.

2d 853, 857 [6]; Borgstede v. Waldbauer, 337 Mo. 1205, 88 S.W.2d 373, 378 [13]. It should be noted in the event of a retrial that plaintiff's verdict-directing instruction simply requires a finding that "the plaintiff sounded his horn" without hypothesizing the position of plaintiff's automobile at the time and requiring a finding that Buchanan heard the signal or, in the exercise of the highest degree of care, should have heard it. The statute, Section 304.016–1(3), requires an audible signal by the overtaking vehicle which means a signal capable of being heard by the operator of the overtaken vehicle.

■ Instruction No. 7 given at defendants' request undertook to submit contributory negligence in that plaintiff operated his automobile at an excessive rate of speed. The instruction required the jury to find that the plaintiff "did then and there drive and operate his automobile at a rate of speed which was high, excessive and dangerous under the circumstances and conditions then and there existing, if you so find, and at a rate of speed which endangered the life and safety of the plaintiff".

The plaintiff asserts that "the circumstances and conditions then and there existing" were in dispute and that it was error not to hypothesize the facts which would authorize a finding of contributory negligence. Plaintiff cites cases holding that where the evidence as to speed and attending circumstances is conflicting, an instruction undertaking to submit an issue of excessive speed, without any guide as to what particular speed and circumstances would justify a finding of negligence, is erroneous in that it permits the jury to speculate and make its own determination as to the constituent elements of negligence. Numerous cases so hold. See Kimmich v. Berry, Mo., 319 S.W.2d 546; Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756; Dahlen v. Wright, 361 Mo. 524, 235 S.W.2d 366; Cantwell v. Zook, Mo., 250 S.W.2d 980, 981–982 [2]; Green v. Guynes, 361 Mo. 606, 235 S.W.2d 298, 303–304 [15, 16].

We need not consider whether it was necessary to hypothesize that plaintiff was running at 55 miles per hour as he testified, or at least 75 to 80 miles as Buchanan testified since if the plaintiff were as far in the rear as Buchanan said when the left turn signal was given he would have been able to decelerate sufficiently to avoid the collision if he were attentive, although there was no evidence of stopping distances at the various speeds. Instruction 7 is clearly erroneous for failure to hypothesize attending circumstances of the facts of the same sort omitted in Instruction 6.

Plaintiff further contends that Instruction 6 submitted "general negligence" and Instruction 7 "specific negligence" and that it is error for a party to submit his case on both general and specific negligence. He cites Thompson v. Gipson, Mo., 277 S.W.2d 527; Watson v. Long, Mo.App., 221 S.W.2d 967; and State ex rel. Burger v. Trimble, 331 Mo. 748, 55 S.W.2d 422. These cases involve instructions given at the request of plaintiffs. The defendants contend the principle does not apply to a submission of contributory negligence by a defendant. These contentions suggest other questions such as whether either or both the submissions in case were of "general negligence"[1] or simply an attempt to sub-

---

1. In legal parlance the term "general negligence" is often used to designate a case to which the res ipsa loquitur doctrine is applicable. Jones v. Kansas City Public Service Co., 236 Mo.App. 794, 155 S.W.2d 775, 778 [2]. This doctrine is a rule of evidence which permits the existence of negligence to be inferred from proof of an unusual occurrence of a character which ordinarily results only from negligence. McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641. Where there is proof of evidential facts sufficient to show some negligent act or omission, it is usually said that a case of specific negligence has been made. Harke v. Haase, 335 Mo. 1104, 75 S.W. 2d 1001, 1004; Reddick v. City of Salem, Mo.App., 165 S.W.2d 666, 670; Palmer v.

mit specific negligence in general terms. However, we need not consider the assignment further since we have held both instructions to be erroneous for failure to hypothesize sufficient facts which appears to be a necessary preliminary determination.

We do not find as the defendants allege that the errors in these instructions were cured by any factual hypothesis in other instructions in the case.

The defendants further contend that the plaintiff by his own instructions has waived his right to complain of the errors in Instructions 6 and 7. Each of plaintiff's verdict-directing instructions end with the phrase "unless you find in favor of the defendant on the issue of contributory negligence as submitted in other instructions". The first instruction covered liability for plaintiff's personal injuries and the other damage to his automobile which was sued on in a separate count. Instruction No. 11, given at plaintiff's request, advised the jury that the defendants had asserted as a defense to this action that plaintiff was guilty "of contributory negligence as submitted in other instructions". By reason of these references in plaintiff's instructions, the defendants contend that "the plaintiff has acquiesced in the same, has adopted the requirements thereof and has waived any right to complain."

The defendants place their chief reliance on Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756, previously cited, in which there was a failure to hypothesize sufficient facts in the defendant's contributory negligence instruction and the plaintiff's verdict-directing instruction provided, as in the present case, that the verdict should be for the plaintiff unless the jury found the plaintiff was guilty of contributory negligence "as set out in the instructions herein". This court held, 270 S.W.2d 762: "By such a reference plaintiff adopted the require-

ments of instruction A upon the issue of his contributory negligence, and thereby waived any right to complain about *the vague or general manner in which the issue was submitted.*" [2] Our review of the decisions of this court convinces us that the Ferguson case made an erroneous application of the rule of invited error and should not be followed on that score. We find it to be out of harmony with prior and subsequent rulings of this court.

■ The rule that a party cannot complain on appeal of errors committed or invited by himself applies to instructions, but the better view is that "a party is not estopped by the rule of invited error unless it appears from the record that the court was led or induced by him to commit the error." 5 C.J.S. Appeal & Error § 1507(1), pages 911–914. The decisions of this court are generally in accord with this statement of the rule. In Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S.W.2d 673, it was held that a clause favorable to the defendant in the plaintiff's instruction did not preclude him from complaining of a defendant's instruction which emphasized a similar error, and the court stated, 55 S.W.2d 676 [9]: "Defendant invokes the well-established rule that one party in a case cannot complain or take advantage of erroneous instructions given for his adversary when his own instructions contain the same erroneous theory of the law. * * * *Such rule, however, should be applied with discretion. The underlying reason of the rule is that one party cannot predicate error on an instruction declaring a theory of the law which he himself has adopted and invited and induced the court and his adversary to adopt.* It is sort of a judicial setoff of one error against a similar error, or more properly applied when the court finds that both parties have used or tried to use the same erroneous view of the law *to his own advantage,* in which case this court will not aid either

Brooks, 350 Mo. 1055, 169 S.W.2d 906, 909.

2. All italics within quotations are added unless otherwise noted.

party, but will leave them where they have put themselves."

Mt. Vernon Car Mfg. Co. v. Hirsch Rolling Mill Co., 285 Mo. 669, 227 S.W. 67, 76, distinguishes between the party who invites error and the party who yields to it on demand of the court, stating: "It did not voluntarily choose that position; it was driven to it after it had chosen other ground. Consideration of the cases cited above will show that *emphasis is placed upon the voluntary choice of ground by a party* who is held to waive his right to complain of error." The opinion further states that a contrary rule "seems to the writer to be extremely harsh, and not promotive of justice."

Other cases recognizing this concept and application of the rule are Thompson v. Gipson, Mo., 277 S.W.2d 527, 532 [7]; Morton v. Simms, Mo., 263 S.W.2d 435, 443 [12]; Jones v. Terminal R. R. Ass'n of St. Louis, Mo., 242 S.W.2d 473, 479; Thompson v. Byers Transp. Co., 362 Mo. 42, 239 S.W.2d 498, 501–502; Schneider v. St. Louis Public Service Co., Mo., 238 S.W.2d 350, 353; Jacobs v. Gilleylen, 359 Mo. 987, 224 S.W.2d 982, 984–985; Atterbury v. Temple Stephens Co., 353 Mo. 5, 181 S.W. 2d 659, 663; Clay v. Missouri Pacific R. Co., Mo., 5 S.W.2d 409, 412; Griffith v. Continental Casualty Co., 290 Mo. 455, 235 S.W. 83, 85; and State ex rel. Detroit Fire & Marine Ins. Co. v. Ellison, 268 Mo. 239, 187 S.W. 23, 27. In the Griffith case this court en banc again emphasized the involuntary nature of defendant's act in offering an instruction on the burden of proof to counteract an erroneous one given on behalf of the plaintiff, saying: "Under such circumstances it did not invite the error, but, yielding under protest to the theory of the trial court, did the best it could to minimize the effect of the erroneous instruction already given." 235 S.W. 85.

Subsequent to the decision of Ferguson v. Betterton, this court has had occasion to consider whether the act of a party in giving an instruction was voluntary or involuntary as bearing on the question of invited error. In Beckwith v. Standard Oil Co., Mo., 281 S.W.2d 852, 857, this court stated: "By seeking this instruction *this defendant did not invite or induce the court to adopt the erroneous theory* of the facts incorporated in plaintiff's Instruction No. 1." In Sheerin v. St. Louis Public Service Co., Mo., 300 S.W.2d 483, 489, this court stated: "The record shows that plaintiff duly objected to the giving of Instruction No. 5 and, obviously, Instruction No. 6 was requested in an effort to impress upon the jury the true meaning of 'sole cause' in the instant case. Certainly, plaintiff did not invite, adopt, acquiesce in, ratify or in any other manner appearing of record 'waive' the errors in Instruction No. 5 by the request of Instruction No. 6." In Berry v. Harmon, Mo., 329 S.W.2d 784, 792, this court stated: "Defendant Berry could make the best of the situation *into which he was forced by the court's ruling* and yet have a right to complain."

■■ It cannot fairly be said that the plaintiff invited the giving of Instructions 6 and 7 or that they were of any benefit to him. If the defendant chooses not to submit contributory negligence, it is deemed abandoned, and plaintiff's verdict-directing instruction ignoring it is not erroneous. Shepard v. Harris, Mo., 329 S.W.2d 1, 7 [8]. But when the defense of contributory negligence is submitted in an instruction offered by the defendant and plaintiff's verdict-directing instruction fails to refer to such defense, "the result is a definite conflict between the two instructions" and the plaintiff is charged with error if he obtains the verdict. Moore v. Ready Mixed Concrete Co., Mo., 329 S.W.2d 14, 23 [8]. The Moore case points up the fact that the plaintiff acts under compulsion in such a case.

■ The plaintiff here was forced to take a position that is in fact a disadvantage to him. Since the plaintiff did not vol-

untarily adopt the defendants' theory of contributory negligence or the manner of submitting it, he did not invite the error and cannot be held to have waived his objections or to be estopped to complain of the instructions. Ferguson v. Betterton to the extent that it conflicts with the views expressed herein is overruled.

Plaintiff's next contention is that the court erred in giving Instruction No. 9 which informed the jury that the mere fact that the plaintiff was injured and sued for damages "are of themselves no evidence whatever of defendants' negligence or liability * * *." Plaintiff contends that this instruction excluded his injury from the jury's consideration as a circumstance to be considered together with other facts on the issue of the negligence of the defendant Buchanan. This kind of instruction has often resulted in reversals of judgments and is of a dangerous variety at best. For discussion of the reasons, see Citizens Bank of Festus v. Missouri Natural Gas Co., Mo., 314 S.W.2d 709, and Rittershouse v. City of Springfield, Mo., 319 S.W.2d 518. In view of the holdings previously made in this case, it is not necessary to decide if the instruction is prejudicially erroneous in the circumstances of this case.

Plaintiff's remaining contention is that the court erred in permitting defendants' counsel to argue that Buchanan gave a left turn signal because there was no issue or dispute to be resolved by the jury in this respect. Although the fact was not hypothesized, it remained as evidence in the case and bore directly upon the issue of plaintiff's contributory negligence as well as being one of the circumstances to be considered in determining whether Buchanan negligently failed to heed a passing signal. The assignment of error is denied.

The judgment is reversed and the cause remanded.

All concur except LEEDY, J., who concurs in result.