**Sybil BOUCHILLON, Plaintiff-Respondent,**

**v.**

**Walter WEISBROD, Jr., Administrator of the Estate of Clifford J. Chunn, Jr., Deceased, Defendant-Appellant.**

No. 8450.

Springfield Court of Appeals.

Missouri.

Feb. 7, 1966.

H. L. C. Weier, Dearing, Richeson, Weier & Roberts, Hillsboro, for defendant-appellant.

Bloodworth & Bloodworth, Poplar Bluff, for plaintiff-respondent.

RUARK, Judge.

Plaintiff secured verdict and judgment for seventy-five hundred dollars on account of injuries received in an automobile collision, and defendant has appealed. Plaintiff was riding (asleep) in a Rambler then being driven by her seventeen-year-old son in the afternoon of a clear August day. The Rambler was going north on Highway 67, which was concrete, twenty-two feet wide, with centerline and broad shoulders. A short distance ahead was an intersection with Highway 142, which ran in an east-west direction. Clifford J. Chunn, Jr., was driving a Corvair south along Highway 67 approaching the intersection from the north. One George Washington was approaching the intersection on Highway 142 from the east. According to the testimony of James Bouchillon, driver of the Rambler in which plaintiff was riding, the George Washington Chevrolet stopped at the intersection and then pulled out into and was making a left turn onto the left (southbound) lane of Highway 67. When the Chevrolet started into the intersection, the

Chunn Corvair was approaching from the north at a speed of eighty to ninety miles per hour; it entered the intersection without diminishing its speed and was "right on the Chevrolet." Chunn whipped the front end of his Corvair around the Chevrolet on the right, but in so doing sideswiped it (the left "back" side of the Corvair striking the right front of the Chevrolet). The impact threw the Corvair partly off the pavement and caused it to go into a slow spin so that it skidded across the highway and into the northbound lane and into the front end of the plaintiff's approaching Rambler some one hundred thirty-eight feet south of the intersection. Chunn, the driver of the Corvair, was killed. The record does not show what happened to George Washington, but plaintiff's son, James Bouchillon, was the only eyewitness who testified.

This case was tried on December 30, 1964, shortly prior to MAI. Appellant does not question that plaintiff made a submissible case. His sole attack is on plaintiff's verdict-directing Instruction No. 1, which told the jury in substance that if they found plaintiff was riding in the Rambler as a passenger going north on the east lane of Highway 67 near the intersection of Highway 142, that deceased Chunn drove his Corvair south on 67, that George Washington drove his Chevrolet west on 142, stopped about ten feet west of the highway and then turned south (left) into the west lane of the highway at a time when the other automobiles were approaching, and that thereafter the deceased Chunn "failed to exercise the highest degree of care *and drove into said intersection at a speed of 80 miles per hour or more and failed to have his Corvair automobile under control and failed to slacken the speed of said Corvair automobile* and thereby caused said Corvair automobile to collide with the Chevrolet automobile in the west lane of highway 67, if so, and thereby caused said Corvair automobile to thereafter skid from said west lane of said highway 67 across the center of the said highway, and into the East lane

of said highway 67, at a time when the Rambler automobile was passing said Corvair automobile in said east lane, if you so find, and if you further find that such acts, *if any* on the part of the deceased, Clifford J. Chunn, Jr., constituted negligence, if so, and that as a direct and proximate result of such negligence, if any, the said Corvair automobile was thereby caused to collide with the Chevrolet automobile and the Rambler automobile, if you so find, and the plaintiff was thereby injured," then the verdict should be for the plaintiff even though the jury might find that the negligence of George Washington contributed to cause the collision.

■ The complaint is that the instruction submits failure of control as a charge of general negligence along with items of specific negligence in regard to speed.

Miles v. Gaddy, Mo., 357 S.W.2d 897, indeed holds that a submission of failure of control is a general submission and, save in res ipsa loquitur cases, is confusing and gives the jury a roving commission. At 900, the court there said, "As applied to the operation of a motor vehicle, loss or lack of control is usually the result of some antecedent act or omission which is the essential fact that should be hypothesized in the verdict-directing instruction." See also Treon v. City of Hamilton, Mo., 363 S.W.2d 704, 709; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872; Myers v. Buchanan, Mo., 333 S.W.2d 18; McCarthy v. Sebben, Mo., 331 S.W.2d 601, 606. While we think the Gaddy case can be distinguished factually (the question there was what caused the truck to swerve out of its lane, whether because of negligence or sudden mechanical failure), nevertheless we cannot escape the general pronouncement made in that case. Gaddy also holds that the conjunctive submission did not render the error harmless because the submission of failure to control as a hypothesis of negligence is "not a correct statement of either statutory or case law and its inclusion renders the instruction prejudicially erroneous." See also

Chas. F. Curry & Co. v. Hedrick, Mo., 378 S.W.2d 522; Donaldson v. Manzella, Mo., 338 S.W.2d 78; Glowacki v. Holste, Mo., 295 S.W.2d 135.[1]

It might be difficult to see how the jury could have been misled, but the speed of eighty miles per hour, the lack of control, and the failure to reduce speed are all encompassed within a statement of acts and omissions occurring before the collision with the first automobile: "and thereby caused said Corvair automobile to collide with the Chevrolet automobile"; after this statement the instruction hypothesizes the skidding across the road into the Rambler; so the specifications applied to the cause of the first collision and were not a factual relation of events after the first collision as we found in Cluck v. Snodgrass, Mo. App., 381 S.W.2d 544.

■ As to the conjunctive submission, the jury of course had the right to believe or disbelieve all or part of the testimony of the only eyewitness in regard to speed and circumstances which required slackening of speed. In fact, there was evidence that this witness had made out-of-court statements which, if the jury chose to believe it, cast doubt upon both the speed of the Corvair and the movements of the Chevrolet immediately prior to the first collision. Yet the instruction, continuing, stated, "if you further find that such acts, *if any,* on the part of the deceased, Clifford J. Chunn, Jr., constituted negligence * * *." Thus the jury might not have believed the deceased was negligent in respect to speed, and that excessive speed was not the proximate cause of the accident and injury, but might have believed that in *some* manner he was not in control of his car prior to the first collision and caused the wreck, thus exercising the roving commission given by the general submission. It is, at least, confusing.

The defendant in his sole cause instruction hypothesized the fact that George Washington suddenly and without warning drove out into the intersection in front of the Chunn automobile so as to create an immediate hazard, that those two vehicles collided and because of such collision the Chunn automobile was caused to turn sideways and slid over onto the northbound lane into collision with the Rambler, "and if you further find that the deceased Clifford J. Chunn, Jr., was at all times exercising the highest degree of care *and was not guilty of negligence as set forth in other instructions herewith given you* * * *."

■ We consider such instruction, not with regard to its legal or factual sufficiency, but solely to determine whether, by the use of the words italicized, the defendant "waived" or "adopted" plaintiff's submission.

We would have grave doubt as to defendant's position in this respect under pronouncements in Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756, and the decisions subsequently following it (including that of this court in Heuer v. Ulmer, Mo.App., 281 S.W.2d 320). However, in Myers v. Buchanan, supra, Mo., 333 S.W.2d 18, Ferguson was flatly overruled, and the rule of "invited error" was limited to those cases where the complaining party induced the court (or the opposite party) to make the submission later attacked. Such is now, we think, the logically correct rule. See Pasternak v. Mashak, Mo.App., 392 S.W.2d 631; Shaffer v. Sunray Mid-Continent Oil Company, Mo., 336 S.W.2d 102. The defendant objected to the instruction and offered only "sole cause." We cannot say that he *induced* the error even though he may not have been vociferous in his objections.

We have no recourse except to reverse and remand. So ordered.

STONE, P. J., and HOGAN, J., concur.

1. MAI No. 1.02 now forbids conjunctive submission of multiple theories in the conjunctive.