**Velma ERNST, Respondent,**

v.

**Henry G. SCHWARTZ, Appellant.**

**No. 53857.**

Supreme Court of Missouri,
Division No. 2.

Sept. 8, 1969.

Rehearing Denied Oct. 13, 1969.

James F. Koester, St. Louis, for respondent.

Norris H. Allen, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for appellant.

MORGAN, Judge.

In this malpractice case, plaintiff obtained a jury verdict for $60,000. Defendant has appealed.

Plaintiff alleged that defendant undertook to perform a temporal craniotomy in treatment for neuralgia (tic douloureux) of the trigeminal nerve right and to render post-operative care. From the record, this initial operation appears to have been successful. However, plaintiff contends her loss of sight in the right eye resulted from negligent post-operative care given by defendant. Anticipated results of the operation included a temporary "corneal anesthesia and facial paralysis." During this period, the patient can not feel foreign objects in the eye and infection is a recognized hazard. For some reason, plaintiff developed conjunctivitis, keratitis and a corneal ulcer (infection) which necessitated an operation for glaucoma. The final result was loss of sight in the right eye.

Defendant charged that plaintiff was contributorily negligent by failure to follow his instructions to keep her eye clean with a saline solution (salt water), and not obtaining immediate medical attention when her eye became progressively worse.

The issue of plaintiff's contributory negligence was submitted to the jury at the request of defendant. Plaintiff's verdict-directing instruction ignored this fact. It did not negate contributory negligence nor refer in any manner to the contributory negligence instruction given. The problem is obvious. In Moore v. Ready Mixed Concrete Company, 329 S.W.2d 14 (1959), this court declared, l.c. 23: "When plaintiff's verdict-directing instruction fails to refer to the defense of contributory negligence, and such defense is submitted in an instruction offered by the defendant, the result is a definite conflict between the two instructions. * * * The two instructions are not harmonious or consistent." See also Myers v. Buchanan, Mo., 333 S.W.2d 18, 24; Nation v. Dresnick, Mo.App., 355 S.W.2d 406, 407; Norris v. Winkler, Mo.App., 402 S.W.2d 24, 31. This rule has now been formalized in the Missouri Approved Jury Instructions. In the MAI Section entitled "Negating Affirmative Defenses," at page LII, it is directed that "* * * the verdict directing instruction should be modified to negate the affirmative defense in issue." A similar provision, specifically applicable to malpractice cases, is found in Instruction No. 21.01 at page 185.

Plaintiff contends the evidence did not authorize giving of the contributory negligence instruction.

Obviously, the problem will seldom arise in the posture it is now presented. For if the trial court finds submission of the issue of contributory negligence to be proper, it will, in an effort to be consistent and also comply with MAI, require addition of the so-called "tail" on the verdict-directing instruction. If improper under the evidence, the appellate courts have always protected a litigant who is forced to yield to the giving of an erroneous instruction. See cases reviewed in Myers v. Buchanan, supra. These possibilities, in fact, create no additional problem as the ultimate and controlling question involves the propriety of giving the contributory negligence instruction in the first place.

Whether plaintiff's omission of the "tail" in the instant case was the result of inadvertence or was a planned calculated risk, her judgment can only be affirmed if the contributory negligence instruction was improperly given. In resolving this question, we are not to agree or disagree with the jury's finding that plaintiff was not contributorily negligent, but only to determine if the evidence justified submission of that issue.

For this purpose, an extensive review of the evidence is not required. Defendant's evidence tended to show that plaintiff was instructed to use care in keeping her eye clean by frequent use of a saline solution. One question asked was, "Have you used any saline solution in your eye during the time you were home?" Plaintiff's answer was, "No." It was also charged that she had misled defendant (at a post-operative examination) by advising him that eye drops recommended by a doctor were tending to clear up the redness of her eye, when in fact, such eye drops had not been recommended by a doctor but had been used from a bottle previously prescribed for her husband. Further neglect was charged to her failure to seek immediate medical attention when her eye became so infected that pus developed and " * * * you could see it from across the street." Although the jury accepted plaintiff's denial or explana-

tion of the negligent acts charged, we are compelled to rule that the evidence was sufficient to authorize submission of the issue. For this reason, failure to add the "tail" to the verdict-directing instruction did not comply with the requirements of MAI and was reversible error.

Other alleged trial errors need not be considered as they appear unlikely to occur at a retrial.

The judgment is reversed and the cause is remanded for a new trial.

All of the Judges concur.