Jean H. STRICKNER and Arthur R. Strickner, Plaintiffs-Appellants,

v.

George L. BROWN, Defendant-Respondent.

No. 56606.

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

Gerritzen & Gerritzen by Ray A. Gerritzen, St. Louis, for plaintiffs-appellants.

Robertson, Ely & Wieland, Robert C. Ely, St. Louis, for defendant-respondent.

DONNELLY, Judge.

In this jury-tried action involving an intersectional vehicular collision in St. Louis County, Missouri, which occurred August 17, 1968, plaintiff Jean H. Strickner (in Count I) sought to recover damages resulting from her injuries, plaintiff Arthur R. Strickner (in Count II) sought to recover damages incurred by him as a result of Jean H. Strickner's injuries, and defendant George L. Brown (in his Counterclaim) sought to recover for damage to his automobile. The jury returned a verdict against plaintiffs on Counts I and II and for defendant on his Counterclaim. Plaintiffs appealed.

The collision occurred at the intersection of Highways 141 and 30. Highway 141 extends north and south. Highway 30 extends east and west. A blinking red light governs vehicles traveling north on Highway 141. A blinking amber light governs vehicles traveling east on Highway 30.

Jean H. Strickner was a passenger in a car driven by her husband, Arthur R. Strickner, in a northerly direction on Highway 141. Defendant George L. Brown was driving his car in an easterly direction on Highway 30. The pavement was wet. The Strickner vehicle stopped at the intersection and then proceeded into the intersection and to the west on Highway 30. The Brown vehicle, approaching from the west on Highway 30, went into a skid, and the right front corner of the Brown vehicle struck the left front of the Strickner vehicle.

Plaintiffs' first point on appeal is as follows: "The Court erred in giving and reading to the jury Instruction No. 7, which was defendant's verdict-directing instruction on his counter-claim, in that it omitted the 'tail', . . . 'unless you believe defendant is not entitled to recover by reason of Instruction Nos. 3, 4 and 5.' Absent this 'tail', the instruction failed to comply with MAI and erroneously authorized recovery for defendant, whether or not he was negligent. It was confusing and misleading to the jury and placed a lesser burden on defendant for recovery on his counter-claim."

Instruction No. 7 reads as follows: "Your verdict must be for defendant on defendant's counter-claim for damages against Arthur Strickner if you believe:

"First, Arthur Strickner failed to yield the right of way, and,

"Second, Arthur Strickner was thereby negligent, and

"Third, as a direct result of such negligence the defendant sustained damage."

In Ernst v. Schwartz, 445 S.W.2d 377 (Mo.1969) and Corbin v. Wennerberg, 459 S.W.2d 505 (Mo.App.1970), cited by plaintiffs, it was held that where contributory negligence is pleaded and supported by some substantial proof, and where the Court gives a defendant's instruction submitting his affirmative defense of contributory negligence, it is error to give a verdict directing instruction for plaintiff which fails to refer to or negative his contributory negligence.

Plaintiff Arthur R. Strickner pleaded the affirmative defense of contributory negligence to defendant's counterclaim. He did not request an instruction submitting it. (Cf. MAI Nos. 35.01 and 35.02.) In Shepard v. Harris, 329 S.W.2d 1, 7 (Mo. banc 1959), this Court held "that when a defendant fails to submit the af-

firmative defense of contributory negligence he has thereby abandoned that defense and it no longer remains an issue in the case for any purpose, and, consequently, a plaintiff's verdict-directing instruction which ignores such abandoned issue of contributory negligence is not erroneous."

We believe a corresponding rule should be applied when error in a counterclaim instruction is alleged. Plaintiffs' point is without merit.

■ Plaintiffs' next point on appeal is as follows: "The Court erred in giving and reading to the jury Instruction No. 6 because Instruction No. 6 necessarily required some evidence from which the jury could believe that defendant was not negligent. There was no such evidence in the case, as under the facts, even assuming the evidence in the light most favorable to the defendant, as a matter of law, defendant was guilty of contributory negligence in failing to see the Strickner car, ignoring the yellow blinker caution light and doing nothing until five feet from point of impact. Evidence on an issue is mandatory to give an instruction on that issue and there was no evidence that defendant was not negligent."

Instruction No. 6 reads as follows: "Your verdict must be for defendant on plaintiffs' claims for damages unless you believe that defendant was negligent."

Instruction No. 6 followed the language of MAI No. 33.03(2). "This form requires no independent evidence to support it." MAI, 2d Ed., p. 350. The point is without merit.

■■ Plaintiffs' next point on appeal is as follows: "The verdict and judgment is completely and totally against the weight of the evidence, particularly on Count I, because under all the evidence, including that in the light most favorable to the defendant, defendant was guilty of failure to keep a vigilant watch as a matter of law, as well as failure to stop or slacken his speed and ignoring the amber caution light in the intersection."

The following language from Cluck v. Abe, 328 Mo. 81, 85–86, 40 S.W.2d 558, 560 (1931), disposes of plaintiffs' contention:

"Conceding, without deciding, that defendant's evidence was contrary to the law of physics, inherently impossible and unbelievable, and so contradictory as to be self-destructive, that situation, on the record as presented, would leave the case standing on plaintiff's evidence. The fact, if it were a fact, that defendant's testimony was inherently impossible and unbelievable and so contradictory as not to amount to substantial evidence, furnishes no reason for saying that the jury should have believed the plaintiff's evidence. The jury passed upon the credibility of the evidence and returned a verdict in favor of defendant. The law is too well settled to need citation of authority that it was within the exclusive province of the trial court to determine whether or not this verdict was against the weight of the evidence. One of the grounds set up in plaintiff's motion for new trial was that the verdict was against the weight of the evidence. * * * The rule determinative of the question here presented was well stated by this court in Schroeder v. C. & A. Ry. Co., 108 Mo. 322, 326, 327, 18 S.W. 1094, 1095, 18 L.R.A. 827, as follows: 'The defendant offered no testimony, so that the plaintiff's was uncontradicted, but from this it is not to be assumed that that evidence is to be accepted as true. The allegations of plaintiff's cause of action were denied by the answer. Thus was imposed on plaintiff the burden of proving the facts necessary to a verdict in his favor. Upon his submission of proofs to support the issues on his part the defendant was entitled to have the triors of fact determine its credibility, though defendant may have tendered nothing to contradict it. Should a verdict be returned against the evidence given in such circumstances, it might furnish a matter

for the corrective action of the trial court in a proper case, but not for the exercise of the revisory power of an appellate court, reviewing questions of law only."

Plaintiffs' last point on appeal is as follows: "The Court committed reversible error in permitting defense counsel, over plaintiffs' objection, to argue contrary to the law and instructions, and particularly to argue that it was the burden of proof for the plaintiff to 'persuade' the jury."

In closing argument by Mr. Ely, attorney for defendant, the following transpired: "So, the burden is put on the plaintiffs in this case by law to p*u*rsuade you to believe their side of how they say this accident happened. If you are not p*u*rsuaded that it happened the way they said it did—and I ask you to recall what they say happened—

"MR. GERRITZEN: Your Honor, I am going to object to the word, 'p*u*rsuade.' The burden of proof instruction covers the burden, and it does not use the word, 'p*u*rsuade.' I object to it and ask that the jury be instructed to disregard that argument completely.

"THE COURT: I think it is semantical, Mr. Gerritzen. I'll overrule your objection.

"MR. ELY: The burden is upon plaintiffs to cause you to believe the propositions necessary to support their claims against defendant. To me, that is p*u*rsuade. As the Judge said, it may be semantics, whatever you want to call it. It's the English language to me. That is their burden, and because of that, the plaintiffs are given the last say. Somebody is going to have it, so the law gives it to the plaintiff."

In Helfrick v. Taylor, 440 S.W.2d 940, 947 (Mo.1969), this Court said: "The trial court is in a better position than are we to appraise the effect of argument to the jury. It is allowed considerable discretion in permitting or restraining counsel's argument. We do not interfere with the trial court's action in that respect unless we find an abuse of discretion." We find no abuse of discretion in this case.

The judgment is affirmed.

All of the Judges concur.