Thompson v. Metropolitan Street Railway
Company, *Appellant.*

135  217
81a   75
82a 528

### Division Two, June 30, 1896.

1. **Negligence**: PERSONAL INJURY TO WIFE: ACTION BY HUSBAND: INSTRUCTION. In an action for damages by a husband for personal injuries to his wife, it is proper to declare the law to be that when a married woman, without fault on her part, is injured by the negligence of another, two causes of action arise, one in favor of the wife for the pain and suffering and the expenses she has herself paid, and the other in favor of the husband for what he has actually lost.

2. ———: ———: ———: ———. In such action, it was proper to instruct the jury that before they could find for plaintiff he must show by the greater weight of evidence that the injury was caused in the manner alleged in his petition and that the burden was on him to prove the facts as pleaded and that he could not recover, if it appeared from the evidence that the accident happened in some other way.

3. ———: INSTRUCTION. An instruction in such action is erroneous which authorizes a recovery by plaintiff on the ground that the injury was caused by a defective or dangerously constructed car, when there was no evidence to support such theory.

*Appeal from the Johnson Circuit Court.*—Hon. W. W. Wood, Judge.

Reversed and remanded.

*James W. Suddath, James Black,* and *Pratt, Ferry & Hagerman* for appellant.

(1) If upon the undisputed testimony the verdict was for the right party, then the court below erred in granting a new trial on account of any alleged error. *Homuth v. Railroad,* 31 S. W. Rep. 903. (2) Upon the undisputed facts there was no negligence. *Farley v. Co.,* 18 Atl. Rep. 1090; *Keller v. Railroad,* 24 Atl. Rep. 159;

*Webowlsky v. Railroad*, 48 N. W. Rep. 1097; *Seddon v. Bickley*, 25 Atl. Rep. 1104; *Race v. Ferry Co.*, 34 N. E. Rep. 280. (3) There was no prejudicial error in defendant's instruction number 3. *Boggess v. Railroad*, 118 Mo. 328. (4) There was no prejudicial error in defendant's fourth instruction. *Devitt v. Railroad*, 94 Mo. 255; *Matthews v. Co.*, 59 Mo. 474. (5) There was no error in refusing plaintiff's instruction number 4.

*O. L. Houts* and *Hollis & Lithgow* for respondent.

(1) The court committed no error in sustaining plaintiff's motion for a new trial. There was no error in instructions 3 and 4 given for defendant and error in refusing instruction asked by plaintiff. (2) There was no place in this cause for instruction number 3 of defendant. It was intended only to mislead and to inform the jury of another suit pending, and in the event of plaintiff's recovery to get a verdict for nominal damage. *Price v. Breckinridge*, 92 Mo. 378; *Mound City, etc., Co. v. Conlon*, 92 Mo. 221. There was no evidence upon which to base the instruction. *Harbison v. Sanford*, 90 Mo. 477. Instructions must be predicated upon the evidence. *Miller v. Railroad*, 90 Mo. 389. (3) When this court considers the relation of passenger and carrier, the duty of carrier to provide safe conveyance, and in the event of injury to passenger the only proof necessary for *prima facie* case is the relationship, the dangerous construction, and the injury on account thereof, which shifts the burden upon the defendant to exonerate itself. *Dougherty v. Railroad*, 97 Mo. 654. (4) The appellant did not attempt to show that its cars were not dangerous in their construction or that they were the most approved style and pattern that were in use so far as human foresight, skill, care, and safety for its passengers

could suggest, but virtually admitted in this instruction plaintiff's right to recover if the jury could find that Mrs. Thompson's foot remained fastened until she got to the ground in her fall. The question of dangerous construction and negligence of defendant was for the jury. *Bohucke v. Railroad*, 22 N. Y. S. 712; 2 Redfield, Railways, notes, pp. 219, 220; *Hegeman v. Railroad*, 16 Barb. (N. Y.) 353. (5) This is not a case of "undisputed testimony" showing who is entitled to the verdict.

GANTT, P. J.—This is an appeal from an order setting aside a verdict for defendant.

Plaintiff sued for his damages as husband arising from injuries to his wife occasioned by a fall she received in alighting from an open summer car on defendant's street railway August 30, 1891.

The issue is very simple. The platform of these open cars is about twenty-three inches above the level of the street, as of course is necessary to the operation of open street cars, and to or from which people may readily ascend or descend in passing to and from the car. In order to make an easy passage way along the side of each open car there is what is known as a "foot" or "running" board for the full length of the car, about half way between the platform and the ground, making an easy step from the platform to the footboard and from the latter to the street. Each car has two pairs of wheels and these wheels protude through the floor of the car under the seats to the height of two or three inches, and are covered with sheet iron. There is left a space of several inches between this covering and the side of the seat where it extends down to the edge of the car. The coverings over the front wheels are under the front single seats of the grip car.

On the day in question Mrs. Thompson, who had been in the habit of riding on these cars every day for years, and was presumably familiar therewith, rode on the train, in the front small seat of the grip car, and at her destination the train stopped for her to alight. While the car was standing still, and while she was in the act of alighting, she fell to the ground and was injured, and for his damages arising from this injury, the plaintiff, as the husband, sued.

Plaintiff's two witnesses testified that Mrs. Thompson caught her foot between the wheel cover and the side of the car and this caused her fall; whereas defendant's witnesses say the lady's fall was occasioned by her attempt to step from the platform to the ground without using the foot board.

At the plaintiff's request the court gave instruction 2, which read as follows:

"2.   The court instructs the jury that the defendant was, on or about the thirtieth day of August, 1891, operating a line of street railway by cable, propelled by steam force in Kansas City, Missouri, and was a carrier of passengers for hire; that as such, it was its duty to use in its business cars so constructed as to be reasonably safe for the ingress and egress of its passengers.

"You are further instructed that if you find from the evidence that the wife of the plaintiff did, on or about August the thirtieth, 1891, board one of defendant's cars for the purpose of being transported from one point to another on defendant's line of road, and you further find that when she arrived at her point of destination she attempted to alight from said car and that her foot slipped into a slot or crevice and was there held which caused her to fall and receive the injury complained of without fault on her part; and if you further find from the evidence that the said slot or

crevice was carelessly and negligently left in said car in its construction or that said defendant negligently permitted same to remain in said car and that the same was unnecessary and dangerous to passengers attempting to alight therefrom, then you will find for the plaintiff."

The court refused plaintiff's instruction 4, reading as follows:

"4.   If the jury believe from the evidence that the car constructed with the cover of the wheel as by the model shown, left a space between the cover and the side of the car and that said space was dangerous to passengers in alighting from said car, and you further find that the wife of plaintiff without fault on her part got her foot fast in said space between the cover and the side of the car, which caused her to fall and to receive the injury complained of, then she is entitled to recover."

And gave for the defendant instructions 3 and 4, reading as follows:

"3.   When a married woman, without fault on her part, is personally injured by the negligence of another, two causes of action arise; one for the wife for the pain and suffering and the expenses she has herself paid, and the other by the husband, in his own favor for what he has actually lost.   Now, this is the husband's suit and not the wife's, and a decision of this case on its merits, in no wise affects or has anything to do with the wife's case.   That case must be independently tried, upon its own merits and this case must be tried upon its merits alone, on the testimony introduced here, and none of the things mentioned above for which the wife can sue can be considered in this case."

"4.   Before, in any event, or under any circumstances, the plaintiff can recover, the jury must find from the greater weight of all the evidence introduced be-

fore you, that Mrs. Thompson's foot caught in between the wheel-box and the side of the car, and while fastened there, she fell to the ground with her foot so fastened. If you do not find the facts this way, plaintiff has no case and can not recover, no matter how you may think the accident occurred, and no matter how badly Mrs. Thompson was hurt, and in determining this question the burden of proof is upon the plaintiff to prove those facts by the greater weight of all the evidence in the case. You should consider all the evidence introduced, both by plaintiff and the defendant, and unless the greater weight is with the plaintiff on that proposition, your verdict should be for the defendant. This question should be fairly and impartially tried and determined alone upon the testimony offered before you.''

The learned circuit court set aside the verdict because in its opinion it had erred in giving the said instructions 3 and 4 for defendant and in refusing said instruction 4 for plaintiff.

I.   There was no error in the third instruction given for defendant. It is eminently proper to inform a jury that the wife has her own action for injuries like this and what elements enter into her case and the grounds of her husband's action and that each is distinct.

II.   Equally unobjectionable is the fourth instruction for defendant. It is substantially the same as the second given for plaintiff and simply confines plaintiff's right of recovery to the only ground of negligence alleged in his petition. Having adopted this theory in his petition and his witnesses having unequivocally sustained it, there was no error in the court's submitting it to the jury on the same theory.

The issue was one principally of veracity. Two witnesses for plaintiff testified they saw her fall and

that her foot was fastened between the box covering the wheel and the side of the car, and four witnesses for defendant, also eyewitnesses, denied that her foot caught but that she fell through her inattention in failing to step on the footboard. We can not see how the court could have given any other instruction. There was no other possible ground for recovery and the court did exactly right to confine the instructions to the case alleged in the pleadings and made by the evidence.

III. There was no error in refusing to give the fourth instruction for plaintiff. There was no evidence that the car was defective or dangerously constructed. On the contrary they are such as are in general use. The very necessities of the street car service require the floor of the car to be low and easily and safely reached, and this fact compels the wheels to come through the platform. They are covered and this oval box is open and obvious to every passenger. It is evident the jury did not believe Mrs. Thompson was hurt by catching her foot in the space as alleged. She did not testify.

The verdict was plainly for the right party and the judgment awarding a new trial is reversed with directions to enter judgment on the verdict of the jury for the defendant. SHERWOOD and BURGESS, JJ., concur.