ELLA A. McLEAN, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 29, 1899.

1. **Damages**: MEASURE OF: HUSBAND AND WIFE: MEDICAL ATTENDANCE. In an action for personal injuries a wife can not recover for medical attention, since such damages go to the husband; but where it appears she pays for such attention, or is chargeable therewith, she may recover the same.

2. ———: HUSBAND AND WIFE: MEDICAL ATTENDANCE: EVIDENCE: INSTRUCTION. The evidence in this case is examined and found not to support an instruction authorizing the wife to recover for medical attendance.

3. ———: ———: MEDICINES: EVIDENCE: INSTRUCTION. Where the evidence shows that little or no medicines were used and no value thereof, an instruction allowing a recovery for the same is error; beside, in this case, the wife could not recover for the same.

5. **Appellate Practice**: ERROR IN DAMAGES: REMITTITUR V. REVERSAL. Where the instruction on the measure of damages contained a false element and the evidence shows that element to be a definite sum in the verdict, the appellate court will not reverse if a remittitur for the error is entered.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

REVERSED AND REMANDED NISI.

R. B. MIDDLEBROOK and H. S. HADLEY for appellant.

(1) When a married woman receives personal injuries through the negligence of another, two causes of action arise, one for the wife for the pain and suffering and the other for the husband for the loss to him of the society of his wife and the expense incurred by him by reason of her injuries. Thompson v. Railway, 135 Mo. 217; Smith v. St. Joseph, 55 Mo. 456. (2) During coverture the husband alone is liable for medicines and medical services necessary for the treatment of his wife, and he alone can recover for these expenses when incurred by reason of an injury to his wife, in the absence of an express contract on her part to pay for such expenses. The presumption is that they were charged to the husband. Ross v. Kansas City, 48 Mo. App. 446; Rogers v. Wolfe, 104 Mo. 1; Reed v. Crissey, 63 Mo. App. 184; Hill v. Sedalia, 64 Mo. App. 494; Kennerly v. Martin, 8 Mo. 698; Musick v. Dodson, 76 Mo. 624. (3) There was no evidence that the charge made by Dr. Morrow was made against the plaintiff, or that it was a reasonable and customary charge for the services rendered; there was no evidence as to any expense having been incurred for medicines, and there was no evidence as to what expense would be incurred in the future for medicines and medical attention. The giving of instruction number 2 was plainly error. Duke v. Railway, 99 Mo. 347; Norton v. Railway, 40 Mo. App. 647; Madison v. Railway, 60 Mo. App. 609; Culberson v. Railway, 50 Mo. App. 556; Madden v. Railway, 50 Mo. App. 666; Rhodes v. Nevada, 47 Mo. App. 499; Smith v. Railway, 108 Mo. 243; Bridge Co. v. Schaubacher, 57 Mo. 582; Mammerberg v. Railway, 62 Mo. App.

568; Schmitz v. Railway, 46 Mo. App. 395; Slaughter v. Railroad, 116 Mo. 275; Morris v. Railway, 144 Mo. 500.

CHAS. B. ADAMS and WASH. ADAMS for respondent.

(1) The first point of appellant's contention is, as we think, answered by the case of Hill v. Sedalia, 64 Mo. App. 494, where a married woman was permitted to recover for medical services rendered on her account, as an incident to injuries caused by defendant's negligence. Grady v. Campbell, 2 Mo. Appellate Reporter 276. (2) The third objection relates to medicines. It is urged that there is no evidence in the record that any medicine was used in the treatment of plaintiff's injuries. The detailed history of the case, as given to the jury, was sufficient to show them that only a small amount of medicine was necessary in the treatment and that the skill and care of the surgeon, assisted by nature, was the important factor in healing the injury. It would then be an unwarranted assumption that any material sum was added to the verdict on account of medicines. In the case of Murray v. Railroad, 101 Mo. 236, the judgment was affirmed, although there was no proof as to the value of the nursing. Broom's Legal Maxims, pp. 106, 107; Paxson v. Drayage Co., 55 Mo. App. 566-569; Hackworth v. Zeitinger, 48 Mo. App. 38; Campbell v. King, 32 Mo. App. 46, 47; Cameron v. Hart, 57 Mo. App. 146. (3) The contention that plaintiff's instruction number 2 contemplated a recovery for future medical services and medicines, is a misconception of the meaning of that instruction.

SMITH, P. J.—This is an action to recover damages for personal injuries. The plaintiff, a married woman, while walking on the sidewalk of one of the defendant's streets in the night time stepped upon a defective board therein which gave way and caused her to fall over the curb into the street

gutter below, in consequence of which her right leg was broken between the knee and ankle. The injury so received was of a serious and permanent nature. There was a trial resulting in judgment for plaintiff in the sum of $2,500.

A number of instructions were given and refused by the court but of these no complaint is made except as to the giving of the plaintiff's second which told the jury that if they found for plaintiff to award her such a sum of money, as damages, as should fully compensate her for the physical pain and suffering and the mental anguish endured by her consequent upon her injuries sustained, the expense of medicines and medical attention attributable thereto and the loss to plaintiff of strength and efficiency already suffered and whatsoever might reasonably be expected to ensue in the future therefrom, if they believed from the evidence that said injuries or any part of them were permanent, etc.

DAMAGES: measure of: husband and wife: medical attendance.

It is contended by the defendant that this instruction is erroneous in enunciation, in that it authorized a recovery by the plaintiff for medicines and medical attention which were elements of damage to which she was not entitled. The general rule in actions of this kind is that the wife can recover only for the pain and suffering which she endures and for the loss of strength and efficiency by reason of the injury. Ross v. Kansas City, 48 Mo. App. 446; Thompson v. Railway, 135 Mo. 217. But the wife may recover for medicines and medical attention where the charge therefor is made against her. In such case these elements of damages are taken away from the husband and given to the wife. Reed v. Crissey, 63 Mo. App. 184; Rogers v. Wolfe, 104 Mo. 1. Under the present statute, section 6864, Revised Statutes, a married woman may make a valid contract for the employment of a physician or for medicines and could be sued thereon. Hill v. Sedalia, 64 Mo. App. 494. A husband is liable for necessaries furnished his wife. These consist of food, drink,

clothing, medical attention, medicines, etc.   Reed v. Crissey, 63 Mo. App. 184; Sauter v. Scrutchfield, 28 Mo. App. 150. A wife purchasing necessaries is by operation of law agent of the husband in such transaction.   Reed v. Crissey, *ante*.

After the plaintiff was hurt, she was carried to her sister's where some one by telephone requested the attendance of Dr. Morrow, who came and gave plaintiff the medical attention then and thereafter for some months needed.   He called Dr. Robinson to assist him in the performance of a certain surgical operation deemed necessary.   Before the plaintiff was quite well she requested Dr. Morrow to make known his bill.   This he did not then do, as the plaintiff would require his further attention.   Dr. Morrow testified that his books showed a charge for such services amounting to $440, and that the charge of his assistant would be $20 or $25.   This testimony was given in answer to a question as to what was a reasonable charge for services that had been rendered by him and would be rendered in the future.   The question was asked without objection; the answer was responsive to the first part of it.

*——: husband and wife: medical attendance: evidence: instruction.*

It does not appear whether the charge on Dr. Morrow's book was made against the plaintiff or her husband.

If Dr. Morrow was called to attend the plaintiff by her direction, or with her approval, she would be presumed to be acting within her implied authority as agent for her husband and her act would bind her husband for the liability for the reasonable value of the service subsequently rendered her by the physician so called.   If she made a contract herself with Dr. Morrow for his treatment of her injuries then, under the law as declared in the cases already referred to, she would be personally liable on her contract for the medical services rendered her in pursuance thereof, or if the doctor made a charge for such services on his books against her she would be personally liable.   As the evidence does not tend to prove that the

plaintiff made an express contract with her physician for the services rendered her by him as in Hill v. Sedalia, *ante,* nor that the charge in her physician's books was made against her for such services, it is quite difficult to see any ground upon which she is entitled to recover of the defendant for medical services for which she has not paid nor is in any way legally liable. Nothing appears in the record to rebut the presumption of the liability of the plaintiff's husband for the amount of the medical services rendered plaintiff, so that we are constrained to hold the instruction which authorized a recovery by her for such services was wrong.

It is objected further that the plaintiff's instruction is erroneous in authorizing the jury to find for plaintiff for the value of the medicines used in the treatment of the plaintiff's injuries, because there was no evidence adduced tending to prove the value of such medicine. It appears that very little medicine was used. There was evidence that a lotion and an anaesthetic were used but this seems to have been all. These, we may presume, were procured at so very small an outlay as to hardly amount to an element of damage in the case. There is really no evidence to go to the jury which tended to show that plaintiff was entitled to recover anything on this account; and besides this, there is no evidence that the plaintiff herself purchased the medicine or that she is liable for the same, so that what has been said in respect to her right to recover for medical attention is equally applicable to this item of damage.

The further objection that the instruction authorized a recovery for future medical services and medicines is not well taken. The words of the instruction to the effect that, "whatever may reasonably be expected to ensue in the future therefrom," refer to "loss to plaintiff of strength and efficiency," which may be reasonably expected to ensue therefrom and not to medicines and medical attention.

Hannah v. Street R'y Co.

It is tacitly conceded by defendant that the damages awarded by the jury in this case are just and proper in all respects except as to those given for medicines and medical services. The amount of the latter under the evidence, can, in no event, exceed $500. What is our duty in view of this? Shall we reverse the judgment and remand the cause, and thus subject the parties to the delay and expense of another trial, or shall we order an affirmance of the judgment if the plaintiff will remit five hundred dollars ($500) of the amount of her recovery? We think the latter course will best subserve the ends of justice and accordingly it is ordered that the judgment be reversed and cause remanded, but if the plaintiff shall within ten days hence file a remittitur for five hundred dollars ($500) of the judgment, then it will be affirmed for two thousand dollars ($2,000). In either event the plaintiff to pay the cost of the appeal. All concur.

*APPELLATE practice: error in damages: remittitur v. reversal.*