ELLA A. McLEAN, Admr'x, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 8, 1903.

1. **Instruction: ASSUMING FACT: EVIDENCE.** Where the evidence does not disclose any dispute as to a given fact, it is not reversible error for an instruction to assume such fact.

2. **Pleading: NEGLIGENCE: TIME OF REPAIR.** A petition setting out the defective condition of a sidewalk and alleging it was negligently suffered and permitted to remain in such condition, is sufficient after verdict, although it fails to state in so many terms that the defects existed for a sufficient length of time for the defendant to repair the same.

3. **Damages: PERSONAL INJURY: WIFE'S SERVICES: INSTRUCTION.** An instruction relating to damages for the loss of a wife's household services is held not to be misleading when taken with other instructions.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

AFFIRMED.

*R. J. Ingraham* and *J. J. Williams* for appellant.

(1) Plaintiff's instruction No. 1 assumes that Mrs. McLean was thrown down and injured on the walk. It submits the question whether the board gave way, but assumes that Mrs. McLean was thereby thrown down and injured. That was in issue under the pleadings.

Vol 100 app—40

The same fault exists in plaintiff's instructions No. 2 and No. 3. (2.) Instruction No. 1 is further misleading, because it allows the jury to find for plaintiff if he "was deprived of her [Mrs. McLean's] services." It is only for her "household" services that recovery could be had in this case. James v. Christy, 18 Mo. 163. (3) The objection to the introduction of any evidence should have been sustained. The failure to allege in the petition that defendant had a reasonable time to repair was fatal. Until such opportunity, the city is not liable. Baustian v. Young, 152 Mo. 325; Richardson v. Marceline, 73 Mo. App. 365.

*W. H. Wallace, T. B. Wallace* and *W. C. Coulbertson* for respondent.

(1) Even if the instructions had assumed the fact, it would not have been an error because as to this fact there was no dispute or controversy in the case. Bank v. Hatch, 98 Mo. 377; Dickson v. Railroad, 104 Mo. 491; Field v. Railroad, 80 Mo. 203; Walker v. City of Kansas, 99 Mo. 647. (2) The first instruction is not erroneous in requiring the jury to find as a condition of recovery that Robert McLean was, by reason of the injuries to Mrs. McLean, compelled to expend or become liable to pay out money for her care, nursing or medical treatment, or was deprived of her services. The instruction on the measure of the damages (and they must all be read together) defined these services as "the services of his wife in the performance of her household work and duties," and limited the recovery to their reasonable value. This satisfies the contention of the appellant on this point. The instructions limited the recovery to loss of services as distinguished from loss of companionship and society. See James v. Christy, 18 Mo. 163, cited by appellant. (3) Nor did the court err in overruling the objection to the introduction of any evidence under the petition. The question raised

by this objection is whether the petition states a cause of action. An objection to the introduction of any evidence under the petition is good only in a case where the petition wholly fails to state a cause of action and where a motion in arrest of judgment will for the same reason be sustained. Grove v. Kansas City, 75 Mo. 675; Roberts v. Walker, 82 Mo. 206; Donaldson v. Butler County, 98 Mo. 166; Young v. Iron Company, 103 Mo. 324.

ELLISON, J.—Plaintiff was injured on one of defendant's sidewalks in consequence of such walk being negligently permitted to become and remain in a state of decay and unsafety. She brought her action for damages against defendant and recovered. 81 Mo. App. 72. The present action was begun by the husband for loss of service. He having died, she as administratrix was made plaintiff and recovered in the trial court.

There are but two objections advanced against the judgment. One, that the petition does not state a cause of action, and the other that the instructions were erroneous in assuming matters in controversy. Neither of them is well taken. A fair and reasonable interpretation of the instructions, as framed by plaintiff, does not disclose that any issuable matter was assumed. The matter said to be assumed was that plaintiff's wife was thrown down and injured. As to that fact, the evidence does not disclose any dispute, and, therefore, even it it had been assumed it would not have been reversible error. Burlington Bank v. Hatch, 98 Mo. 377.

The objection to the petition is that it does not state that the city had known of the defective walk for a reasonably sufficient length of time to repair the same. Such statement is not made in direct terms. But the statements which are made are sufficient to necessarily embrace the allegation said to be necessary. The petition fully sets out the defective condition of the walk,

and alleges that the defendant carelessly and negligently suffered and permitted such defects to remain, whereby the plaintiff's wife was injured. This was sufficient after verdict. Hurst v. City of Ash Grove, 96 Mo. 168; and cases cited. That case and others to be found in plaintiff's brief conclusively determine the point against defendant.

There was one other objection to the instructions, viz., that the jury were not confined to the loss of the wife's household services. We are, however, satisfied that taking the instructions together, the jury could not have been misled in that respect and that no other than household services could have been understood as a loss to plaintiff.

No substantial objection has been shown to the judgment and it is accordingly affirmed. All concur.