JOE WILLIAMS, Respondent, v. W. R. HALL, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. APPEAL AND ERROR: Testimony Given Most Favorable Construction in Passing on Ruling on Demurrer to Evidence. On appeal from a judgment in favor of plaintiff, in passing on a question of whether plaintiff's proof was sufficient to take the case to the

jury as against demurrer to evidence, the testimony must be given the most favorable reasonable construction in plaintiff's favor.

2. **FRAUD: Allegation of Misrepresentation not Supported by Proof of Concealment.** Plaintiff having made charge of misrepresentation, he must recover, if at all, on proof of that charge, and he cannot prove it by showing that defendant said nothing, even though he ought to have spoken and divulged the facts.

Appeal from Circuit Court of Dunklin County.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Hall & Billings* and *J. A. Bradley* for appellant.

(1) Error to overrule the demurrer to all the testimony. Jones v. Nichols, 216 S. W. 962; Nations v. Pulse, 175 Mo. 86; Epps v. Duckett, 223 S. W. 572; Matlock v. Bigbee, 34 Mo. 354. (2) Error to refuse the peremptory instruction. See authorities cited, and Palmer v. Huckstep, 197 Mo. App. 512; Howard v. Zweigert, 197 S. W. 46 (not off. reported). (3) Error to give instructions for plaintiff. See all authorities cited in brief and Grigsby v. Fullerton, 57 Mo. 309; Royer v. Fleming, 58 Mo. 585; State v. Mason, 96 Mo. 559. (4) Error to refuse requested instructions. Nations v. Pulse, 175 Mo. 86; Jones v. Nichols, 216 S. W. 962; Matlock v. Bigbee, 34 Mo. 354. (5) No fraud, collusion or joint action. See all authorities cited in points 1, 2 and 5, and State v. Mason, 96 Mo. 559; Link v. Jackson, 164 Mo. App. 195; Mansur, etc. v. Ritchie, 143 Mo. 587. (6) No false representation on the part of appellant. See authorities cited, points 1, 2, 5 and 6, and First Nat. Bank. v. Bank, 132 S. W. 1008.

*John A. McAnally* and *McKay & Jones* for respondent.

(1) That a conspiracy may be established by circumstantial evidence alone, is the law in our State. State

v. Shout, 263 Mo. 360, 373-374; Copeland v. Ins. Co., 191 Mo. App. 435; St. Francis Mill Co. v. Sugg, 206 Mo. 155; State ex inf. v. Standard Oil Co., 194 Mo. 155; Jones v. Orient Ins. Co., 184 Mo. App. 402; Allen v. Forsythe, et al., 160 Mo. App. 269. (2) Under certain circumstances silence alone of one upon whom rests a duty to speak is sufficient to establish fraud and collusion; fraud may be inferred from acts and conduct. Jones v. Orient Ins. Co., 184 Mo. App. 402; Copeland v. Ins. Co., 191 Mo. App. 435; St. Francis Mill Co. v. Sugg, 206 Mo. 155; State ex inf. v. Standard Oil Co., 194 Mo. 155. (3) One who enters upon a scheme to defraud after its instigation and before its consummation, and shares in the spoils reaped from such fraudulent transaction, becomes a conspirator from the beginning and liable for the whole damage suffered by the defrauded party. Judd v. Walker, 215 Mo. 312; State ex rel. Ice Co., 246 Mo. 216; Rogers v. Rogers, 265 Mo. 209; Lumber Co. v. Dallas, 165 Mo. App. 53; Laird v. Keithley, 201 S. W. 1143.

COX, P. J.—Action by respondent Williams against appellant W. R. Hall and J. P. Hampton for damages for fraud in the sale of land. Judgment for plaintiff for $672 and defendant Hall has appealed.

The petition charges that defendants conspired together to injure and defraud plaintiff and falsely and fraudently represented to him that J. P. Hampton was the owner of certain lands encumbered for the sum of $1000. That in truth and in fact W. R. Hall was the owner of the land and it was encumbered for $1800. The petition contained the other necessary allegations to charge fraud and plaintiff's reliance thereon and resulting injury. That by these representations he was induced to purchase the land and paid defendants a pair of horses valued at $400 and $400 in cash and demanded judgment for $800.

At the close of the testimony, defendant Hall filed a separate demurrer to the evidence which was overruled and that action of the court is one of the errors assigned in this appeal.

The testimony from plaintiff's point of view tended to establish the following facts: that defendant Hampton represented to plaintiff that he, Hampton, was the owner of a tract of land in Pemiscot County comprising a little more than 59 acres; that he would sell it for $1800; that it was encumbered for $1000; that Hampton told him to inquire of Hall about the land; that he saw Hall and was told him that it was good land worth $100 per acre if it were in cultivation. That plaintiff went with Hampton to see the land and found it to be good land. Plaintiff agreed to purchase it for $1800 and Hampton was to take a pair of horses at $400 and $400 in cash and plaintiff was to take care of the encumberance of $1000. Plaintiff delivered the horses to Hampton and received from him a warranty deed and Hampton then directed him to pay the $400 to Hall, which he did. After he had paid Hall the $400, he was informed by Hall that he had the title to the land and that there was another encumberance of $800 on the land and some other claims held by Hall against it. Plaintiff had received the deed from Hampton before he went to Hall to pay the $400. After going to Hall, it was discovered that there was some defect in the execution of the deed and it was sent back to Hampton to be corrected which correction was made and the deed returned to Hall and by him turned over to plaintiff. There was some other testimony but the foregoing are the essential facts for plaintiff.

Hall and another witness testified that plaintiff was informed as to the condition of the title and the liens on the land before he paid the $400 to Hall. Hall also testified that he bought the land at a sale under execution against Hampton and at a sale for taxes and that he held title for Hampton's use and benefit and that he offered to make a quitclaim deed to the land to plaintiff but in passing on the question of whether plaintiff's proof was sufficient to take the case to the jury as to defendant Hall, we must give all the testimony the most favorable reasonable construction in plaintiff's favor.

We find no evidence that Hall made any misrepresentation of facts to plaintiff. Neither do we find any evidence of a conspiracy between Hall and Hampton to defraud plaintiff. There is no evidence that Hall had any knowledge of what representations Hampton had made to plaintiff. All Hall had said to plaintiff was that the land was good land and it would be a good deal but what information, if any, had been conveyed to Hall as to the terms of the deal is not shown. It is conceded that the land is good land so Hall made no misrepresentation of any fact.

If Hall is liable at all it is because he did not tell plaintiff when he came to pay him the $400 what he knew about the title and the encumberances on the land. Hall says he did tell him but plaintiff contends that he took his $400 first and then told him about the title afterward. That made that question one for the jury but the difficulty with plaintiff in this case is that he has not charged in his petiton that Hall concealed anything from him and if Hall is liable at all, it must be on the theory of concealment and not on false representation, for he made none. The plaintiff having made the charge of misrepresentation against Hall, the same as against Hampton, he must recover, if at all, on proof of that charge and he cannot prove it by showing that Hall said nothing even though he ought to have spoken and divulged the facts. Plaintiff can only make his case by proving the facts he has alleged. If the proof does not support the charge made, he must fail even though his proof might show a state of facts which, if properly pleaded, would entitle him to recover. [Thompson v. Street Ry. Co., 135 Mo. 217, 36 S. W. 625; Henry County v. Bank, 208 Mo. 209, 106 S. W. 622; 20 Cyc., p. 106; Cochrane v. Halsey, 25 Minn. 52.]

In the latter case it was expressly held that proof of fraud by concealment would not support a charge of fraud by false representation and we agree with that conclusion.

Having failed to prove conspiracy between Hall and Hampton, Hall cannot be held responsible for representations made by Hampton and there being no proof that Hall made any false representations, he cannot be held liable on that theory. The petition does not charge Hall with concealing any facts which it was his duty to disclose to plaintiff, hence he cannot be held on that theory. The demurrer to the testimony by Hall should have been sustained.

What we have said makes it unnecessary to discuss the other questions raised by counsel.

Judgment reversed and cause remanded.

*Farrington* and *Bradley, JJ.*, concur.