**Verl CRONEY, Respondent,**

v.

**L. G. PENCE, Appellant.**

No. 23283.

Kansas City Court of Appeals.

Missouri.

April 3, 1961.

Conn Withers, Withers & Kiser, Liberty, Paul C. Sprinkle, Sprinkle, Carter, Sprinkle & Larson, Kansas City, for appellant.

Paul T. White, Robert I. Adelman, Kansas City, for respondent.

MAUGHMER, Commissioner.

This action is to recover damages for injuries sustained in an automobile accident. The jury found for plaintiff in the amount of $7,500. Judgment accordingly was entered and defendant appeals.

At about 7:30 a.'m. on July 21, 1959, Verl Croney, the plaintiff, alone in his 1951 DeSoto, and the defendant L. G. Pence, alone in his 1956 Ford Sedan, were proceeding from their homes in Clay County to Kansas City, where both worked. Each planned to enter Kansas City by way of the Paseo bridge. The weather was clear and the pavement dry. There is an arterial highway running generally east-west, which lies just north of the Paseo bridge extension, the entryway to the bridge. Plaintiff drove up to this arterial highway with its stop sign and brought his automobile to a stop. Defendant in his Ford was just behind plaintiff. It was plaintiff's testimony that shortly after he stopped, defendant's car struck him in the rear. It was defendant's version and testimony that plaintiff started up, got out near the center of the highway, then while defendant was watching for cars from the side, and without warning or signal, suddenly stopped and as a result defendant's car hit the rear end of plaintiff's car.

Plaintiff's petition charged that defendant "negligently and carelessly caused, permitted and allowed the automobile he was operating to come into sudden, violent collision with the rear of the automobile this plaintiff was driving * * *". Defendant's answer alleged—"that any injury, damage or claim by the plaintiff was contributed to by and through the carelessness and negligence of the plaintiff who, without warning and without signal suddenly stopped his automobile directly in the path of the defendant's automobile".

On appeal defendant asserts the Court erred in giving plaintiff's main Instruction No. 1. This instruction is as follows: "The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in evidence the plaintiff's automobile was heading in a southerly direction and that the defendant

was operating his automobile behind the automobile of the plaintiff and that in operating his automobile, the defendant overtook plaintiff's automobile, if you so find, and that the defendant negligently and carelessly allowed his automobile to run into and violently collide with the rear end of the plaintiff's automobile, if you so find, and that as a direct result of such negligence, if any you find, on the part of the defendant, the plaintiff was injured if you so find. Then and in that event the plaintiff is entitled to recover and your verdict lies in favor of the plaintiff and against the defendant".

The Court also gave Instruction No. 5, as submitted by defendant in which the jury was told that " * * * if you further find and believe from the evidence that plaintiff started up his car after having brought the same to a stop and while the defendant's car was standing behind his car, if you so find, and if you further find and believe from the evidence that without warning or signal of any kind plaintiff suddenly brought his car to a stop immediately in front of defendant's moving automobile, and if you further find and believe from the evidence that defendant's automobile did bump the rear end of plaintiff's automobile, if you so find, and if you further find and believe from the evidence that it was negligence on the part of the plaintiff to operate his automobile in the manner aforesaid and that negligence, if any, directly caused the collision mentioned in evidence then you are instructed that the plaintiff cannot recover and your verdict shall be in favor of the defendant notwithstanding the fact if you find and believe from the evidence the defendant was negligent in the operation of his automobile as outlined in other instructions."

It thus appears that defendant's defense of contributory negligence was pleaded, evidence thereof was presented and it was submitted to the jury by Instruction No. 5. Defendant says Instruction No. 1 is reversibly erroneous because it did not negative the defense of contributory negligence. We believe the point is well taken and must be sustained.

On November 12, 1959, the Supreme Court en banc in Moore v. Ready Mixed Concrete Company et al., Mo., 329 S.W.2d 14, 23–24, considered this very question and said: "When plaintiff's verdict-directing instruction fails to refer to the defense of contributory negligence, and such defense is submitted in an instruction offered by the defendant, the result is a definite conflict between the two instructions. Plaintiff's instruction in that situation purports to embrace all of the facts necessary to a finding for plaintiff and directs a verdict for plaintiff upon a finding of those facts without any reference to contributory negligence or to another instruction submitting that issue. Such an instruction appears to be a complete guide as to the requirements for a plaintiff's verdict and yet it in no manner refers to the issue of plaintiff's contributory negligence, which, according to defendants' instruction, if found affirmatively, would bar a recovery by plaintiff. The two instructions are not harmonious or consistent. Which will the jury follow? If the jury find the facts hypothesized in plaintiff's instruction it may consider that it need not give further consideration to other instructions dealing with the issue of liability. On the other hand, if, as it should, the jury carefully considers and attempts to reconcile all of the instructions, it will likely be perplexed and confused as to the proper manner to interpret and attempt to follow the inconsistent directions contained in the two conflicting instructions. The views herein expressed are similar to those appearing in the majority opinion in Sullivan v. Hannibal & St. Joseph Ry. Co., 88 Mo. 169, which case was overruled in Owens v. Kansas City, St. J. & C. B. R. Co. [95 Mo. 169, 8 S.W. 350], supra. We think the Sullivan case was sound and should not have been overruled. See also Guiley v. Lowe, Mo.Sup., 314 S.W.2d 232(1), wherein this court noted that the present rule has been

criticized as illogical and as permitting a conflict in instructions.

"We therefore hold that in cases where the court gives a defendant's instruction submitting his affirmative defense of contributory negligence, it is error to give a verdict-directing instruction for plaintiff which fails to refer to or negative his contributory negligence. Cases to the contrary should no longer be followed."

Inasmuch as this expressed conclusion dealt with procedural rather than substantive law, the Court specifically declared it was to be applied prospectively, and should have no application to cases submitted in the trial court prior to the publication of the opinion. The trial of the instant case was commenced on March 30, 1960, some time after publication of the opinion.

■ Defendant also claims Instruction No. 1 is erroneous because it authorized a finding for plaintiff if "defendant negligently and carelessly allowed his automobile to run into and violently collide with the rear end of the plaintiff's automobile". It is apparently defendant's position that facts constituting specific negligence should have been hypothesized and that the instruction, as drawn, constituted a roving commission to the jury. Absent the contributory negligence issue, we believe this case would come under the so-called "rear end collision doctrine". As stated in Witherspoon v. Guttierez, Mo., 327 S.W.2d 874, 880: "It is negligence for the operator of an automobile upon the public highways of this state, following another automobile proceeding in the same direction, to allow and permit the front of his automobile to come into violent contact and collision with the rear end of an automobile in front of him. The statement of these specific facts, accompanied by a charge of negligence, con-stitutes a charge of specific negligence. State ex rel. Spears v. McCullen [357 Mo. 686, 210 S.W.2d 68], supra; Thompson v. Keyes-Marshall Bros. Livery Co., 214 Mo. 487, 113 S.W. 1128". See also Oberhaus v. Eichwald, Mo., 303 S.W.2d 29.

■ Defendant on appeal has listed five additional assignments of error. First, on cross-examination of defendant's doctor it came out that he had made the examination of plaintiff for the insurance company. Generally this situation and what to do about it presents a problem usually left to the discretion of the trial court. However, the matter will not likely recur during a second trial and certainly not in the same way as it arose here. Second, plaintiff did not connect his injury with this accident. We think there was evidence of the connection and that it is a question for the jury. Third, it is alleged plaintiff's attorney made inflammatory remarks and suggested a mathematical formula of recovery in his argument to the jury. We shall not speculate that this question will again arise nor shall we attempt to project a future ruling thereon. Although it is verbose, we find no inherent error in Instruction No. 2 on the measure of damages nor shall we hold in this opinion that the verdict was either excessive or the result of bias and prejudice.

For the error committed in the giving of Instruction No. 1, the judgment is reversed and the cause remanded for a new trial.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.