Charles NATION, Plaintiff-Respondent,

v.

Leon DRESNICK, Defendant-Appellant.

No. 23413.

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1962.

Kuran, Freeman, Kuraner, Oberlander & Lamkin, George T. O'Laughlin, James W. Humphrey, Jr., Kansas City, for appellant.

Harrington & Wurdack, Robert B. Wurdack, Kansas City, for respondent.

CROSS, Judge.

This action arose out of a rear end collision between a mail truck driven by plaintiff Charles Nation, and an automobile driven by defendant Leon Dresnick.

Defendant appeals from a jury verdict and judgment awarding plaintiff $3000.00 as damages for personal injuries sustained

in the collision and against defendant on his counterclaim for damages to his automobile.

The following facts shown in evidence are sufficient for the purpose of our review: Prior to the collision, plaintiff was driving a United States mail truck south on Wyandotte Street in Kansas City, Missouri. After crossing the intersection of Wyandotte and 14th Street on a green light, he was forced to stop the mail truck behind some vehicles which had stopped in front of him. Plaintiff testified that he came to a normal stop with the rear end of the truck about 20 to 25 feet south of the intersection; that after he had been completely stopped for five or ten seconds he was "hit in the rear end". Plaintiff stated that the street where the impact occurred was an average grade uphill, that the street was dry, and that his truck did not roll backward at any time.

Defendant admitted that he was the driver of the automobile involved in the collision. He testified that he drove his vehicle up to and stopped behind plaintiff's truck while it was standing; that his car was about 5 to 8 feet behind plaintiff's truck, headed uphill. Defendant stated that within 3 or 4 seconds plaintiff's truck rolled backward and struck his automobile while it was "definitely stopped". He also testified that he had been stopped 20 seconds before the impact. It was defendant's testimony that the street was dry.

Plaintiff's case was submitted on his verdict-directing instruction (Instruction No. 1), which essentially told the jury that if they found that defendant negligently caused his automobile to run into the rear end of plaintiff's truck and that thereby plaintiff was injured, their verdict should be for plaintiff. The instruction made no reference to contributory negligence on the part of plaintiff and submitted no issue on that question.

At defendant's request, the trial court gave Instruction No. 7 (among others) which instructed the jury that their verdict must be in defendant's favor if they found that plaintiff was negligent (as set out in other instructions), and that such negligence (directly caused or) directly contributed to cause the collision.

Defendant first assigns that the trial court erred in giving plaintiff's Instruction No. 1 because it directed a verdict for plaintiff without referring to the issue of plaintiff's contributory negligence and without requiring a finding on that issue in favor of plaintiff—although (defendant claims) such issue was pleaded, supported by evidence and submitted to the jury by defendant's Instruction No. 7.

■ It is now settled law in Missouri that in cases where the court gives a defendant's instruction submitting his affirmative defense of contributory negligence, it is reversible error to give a verdict-directing instruction for a plaintiff which fails to refer to or negative his contributory negligence. See Moore v. Ready Mixed Concrete Company et al., Mo.Sup., 329 S.W.2d 14. In the cited case the Supreme Court admonished: "Cases to the contrary should no longer be followed". The Moore case has since been followed by the Supreme Court in Losh v. Ozark Border Electric Cooperative, Sup.Ct., 330 S.W.2d 847, and Myers v. Buchanan et al., Mo.Sup., 333 S.W.2d 18, and by this court in Croney v. Pence, Mo.App., 346 S.W.2d 574.

In this case we are bound to follow the law as it has been declared in the Moore opinion and the subsequent supporting decisions. If, as contended, defendant in fact pleaded the issue of plaintiff's contributory negligence as an affirmative defense and offered some substantial proof to support the allegation, it was proper for the court to give defendant's Instruction No. 7. Under such state of the record it would be our duty to hold that the giving of Instruction No. 1 was error.

Plaintiff counter-contends it was not necessary for the verdict-directing instruction to negative contributory negligence on his part because defendant was not entitled to any instruction submitting that issue in

the first place. As supporting reasons, plaintiff states: (1) Contributory negligence was not pleaded by defendant as a defense, and (2) there is no proof of that element. These assertions are not consistent with the record.

Defendant's answer contains the following allegation: "3. Further answering defendant states that plaintiff was guilty of negligence as alleged in defendant's counterclaim herein which directly caused *or directly contributed to cause said collision*". In his counterclaim defendant alleges that plaintiff was guilty of acts of negligence "in negligently driving said truck backwards and to the north in a south bound lane of traffic, in negligently failing to keep a lookout, in negligently failing to have and to keep said truck under control". It is apparent that defendant has, by reference and adoption, incorporated into his answer the specifically alleged acts of plaintiff's negligence set out in the counterclaim. We rule that defendant has clearly pleaded that plaintiff was guilty of negligent acts contributing to cause the collision. Authorities cited and relied on by plaintiff are not in point. In those cases, plaintiff's alleged negligence was pleaded as the *direct cause* or the *sole cause* of the casualty, in the nature of a general traverse of plaintiff's right to recover—not as a *contributing* cause.

■■ Plaintiff insists that the evidence raised no issue of contributory negligence, but that instead it made an issue of "whether (the) accident was caused solely by plaintiff's negligence or solely by defendant's negligence". It is true, as plaintiff argues, that each of the parties testified to his own innocence and to the fault of the other—that plaintiff stated "I was stopped and defendant hit me in the rear", and that defendant said "I was stopped and plaintiff backed into me". We can agree with plaintiff that his testimony and that given by defendant are diametrically opposed. However, we are aware of no rule of law that requires a jury, in determining a pleaded issue of contributory negligence, to accept the entire body of testimony given by one of the parties as true, and reject the whole substance of the other party's evidence. Plaintiff cites no such authority. On the contrary, the jury, as the trier of the facts, may believe such portions of the testimony of *both parties* as it chooses and reject the truth of any matter testified to by either party. So, in this case, the jury was privileged to believe, as plaintiff testified, that defendant's automobile was not stopped at the time of impact, but was moving forward, and that defendant negligently ran it into collision with the mail truck. At the same time, the jury could also believe the testimony of defendant that *plaintiff's vehicle also was in motion*—that while it was rolling backward it came into collision with defendant's forward moving automobile. If the jury so found the facts, they could properly conclude that the negligence of both parties contributed to cause the collision.

■ Plaintiff additionally suggests that certain language of the Moore opinion indicates that the failure of the verdict-directing instruction (No. 1) to negative contributory negligence was cured by the giving of defendant's Instruction No. 9 which told the jury that it was the duty of plaintiff "to exercise the highest degree of care" for his own safety. We are compelled to reject the suggestion, in view of the positive declaration of the Supreme Court that "it is error to give a verdict-directing instruction for plaintiff which fails to refer to or negative his contributory negligence". Moore v. Ready Mixed Concrete Company et al., supra.

It is our conclusion that the giving of plaintiff's Instruction No. 1 was reversible error. Defendant makes additional assignments of error which we need not decide, in view of the necessity for a re-trial of the case and the enlightenment on those subjects contained in the briefs.

Accordingly, the judgment is reversed and the cause remanded for a new trial.

All concur.