**Averil Rebecca REARICK, Respondent,**

v.

**Thomas A. MANZELLA d/b/a American Cab Company, Appellant.**

**No. 23464.**

Kansas City Court of Appeals.

Missouri.

March 5, 1962.

John C. Russell, Donald E. Raymond, Kansas City, for appellant.

Richard K. Phelps, Kansas City, for respondent.

CROSS, Judge.

Defendant taxicab fleet operator appeals from a jury verdict and judgment awarding plaintiff the sum of $2500.00 as damages for personal injuries.

The circumstances giving rise to the suit are as follows: Plaintiff was a passenger riding on the right side of the rear seat in a taxicab owned by defendant and operated by his employee driver. Plaintiff testified that when the cab reached its destination she undertook to get out of it. She paid the driver while she was still in the cab and then opened the (right) door and stepped out into the gutter. After remarking that she was dizzy and sick, plaintiff put her hand against the door post of the cab. The driver slid to the right in his seat, grabbed the door handle and "jerked it shut". In doing so, he caught plaintiff's thumb in the door. He then started the cab, without knowing plaintiff's thumb was in the door, and drove the vehicle some distance as plaintiff ran alongside. After she knocked on the glass and attracted the driver's attention, he stopped the cab. The door was either jarred open by the stop or wrenched open by plaintiff, and her thumb was released. Plaintiff claimed injuries to her left thumb, hand, arm and shoulder, her neck, side and back.

Defendant's driver testified to a differing state of facts. He said that plaintiff got out of the cab, closed the door herself and slammed it shut on her thumb.

Plaintiff's petition charged that defendant's driver negligently shut the cab door on plaintiff's thumb and that while her thumb was so caught in the door so that she could not remove it, the driver negligently started the cab forward and pulled plaintiff along by her thumb. Defendant's answer contained the allegation that plaintiff's injuries were "directly and proximately contributed to by the carelessness, negligence and inattention of this plaintiff".

Plaintiff's case was submitted on her verdict-directing instruction (Instruction No. 1) which permitted the jury to return a verdict in her favor under an hypothesis of facts essentially as testified to by plaintiff. The instruction does not require the jury to find that plaintiff was free from contributory negligence as a condition necessary for a verdict in her favor. That issue was neither submitted by the instruction nor referred to in any manner.

The trial court also gave Instruction No. 7 at the request of the defendant. That instruction essentially told the jury that if they found plaintiff was not exercising ordinary care for her own safety and was negligent, and found that such negligence directly caused *or contributed to cause* plaintiff's injuries, their verdict must be for

defendant. The giving of Instruction No. 7 was proper because (1) defendant had specifically pleaded plaintiff's contributory negligence as a defense, and (2) there was substantial evidence to support such defense and to warrant its submission to the jury.

It is here contended by defendant that the trial court erred in giving plaintiff's verdict-directing Instruction No. 1 because it failed to refer to or negative plaintiff's contributory negligence submitted as a defense in defendant's Instruction No. 7, "thereby creating a conflict between the two instructions". In view of present controlling decisions it is our manifest duty to sustain the contention.

As we said in Nation v. Dresnick, Mo. App., 355 S.W.2d 406, it is now settled law in Missouri that, in cases where the court gives a defendant's instruction submitting his affirmative defense of contributory negligence, it is reversible error to give a verdict-directing instruction for a plaintiff which fails to refer to or negative his contributory negligence. See Moore v. Ready Mixed Concrete Company et al., Mo., 329 S.W.2d 14, wherein the court states, in part, as follows: "When plaintiff's verdict-directing instruction fails to refer to the defense of contributory negligence, and such defense is submitted in an instruction offered by the defendant, the result is a definite conflict between the two instructions. * * * We therefore hold that in cases where the court gives a defendant's instruction submitting his affirmative defense of contributory negligence, it is error to give a verdict-directing instruction for plaintiff which fails to refer to or negative his contributory negligence. Cases to the contrary should no longer be followed". Also see: Losh ·v. Ozark Border Electric Cooperative, Mo., 330 S.W.2d 847; Myers v. Buchanan et al., Mo., 333 S.W.2d 18; Croney v. Pence, Mo.App., 346 S.W.2d 574; Nation v. Dresnick, supra.

Plaintiff suggests that the Supreme Court did not intend to say in the Moore case that "it was necessary to use only certain magic words to negative the defendant's theory of contributory negligence". Plaintiff argues that it is sufficient that the instruction contains a statement of facts from which the jury may conclude "even by inference" that the plaintiff was guilty of no contributory negligence. The fault of the suggestion is that it takes no account of the situation arising in event the jury might conclude "even by inference" *that plaintiff was guilty of contributory negligence.* Additionally plaintiff would invoke the principle that "all the instructions must be read together". We have so read all the instructions given in the case, but we find no provision therein to effect a cure of the error in plaintiff's Instruction No. 1 arising from its failure to negative or refer to the issue of plaintiff's contributory negligence as required by the Moore case.

Defendant also complains of error in Instruction No. 1 on the ground that it is confusing and incomprehensible. We do not decide the question raised. Instead, we suggest that certain portions of the instruction might be subjected to clarification before the case is re-tried. It is also urged by defendant that Instruction No. 1 erroneously gives the jury a roving commission to find for plaintiff on any grounds of negligence other than hypothesized therein. The instruction, after narrating essential findings of fact, continues in the following language: " * * * if you so find, and that such injuries were directly and approximately (sic) caused by the carelessness and negligence of the defendant acting by and through its employee and agent, then your verdict must be for plaintiff and against the defendant". Without deciding the point raised, we express the opinion that the quoted language should be narrowed to include only such acts of carelessness and negligence as the jury might find were committed by defendant's driver under the facts set out in the instruction and as shown by the evidence.

Defendant also assigns error in the giving of plaintiff's Instruction No. 3 on the measure of damages, which told the jury

that if their verdict was in favor of plaintiff they could allow her damages: "(2) For all physical pain endured by her since the date of the incident referred to in the evidence on the 3rd of December, 1957 and all physical pain that she will as a result thereof continue to suffer in the future;". The specific complaint is that the instruction tells the jury to compensate plaintiff for *all* pain she suffered from the time of the accident up to the time of trial, whether resulting from the accident or not. Again, we refrain from unnecessary decision. Due consideration of the complaint can be made by plaintiff before the next trial. It is our observation, however, that the instruction should be worded so as to *clearly* limit plaintiff's recovery to items of damage suffered as a result of the casualty.

 Defendant finally assigns that the trial court committed error by (1) admitting, over timely objection, plaintiff's evidence to show the amount of medical expenses incurred in the treatment of her injuries, and (2) by the giving of plaintiff's measure of damage Instruction No. 3 which authorized the jury to award her damages for medical expenses so incurred. The evidence discloses that plaintiff was a married woman at the time of her injury and during the period of her medical treatment from March 1958 to October 1958. It is true, as defendant submits, that the husband is primarily liable for the wife's support, including medical care, and that her injury by the negligence of another gives rise to a cause of action in the husband for consequential damages suffered on account of his loss of her society and services, and by reason of expenses paid or incurred for her medical care and treatment. Hausherr v. Kansas City Public Service Co., Mo.App., 268 S.W.2d 433; Irwin v. McDougal et al., Mo.App., 274 S.W. 923. Nevertheless, under certain circumstances the injured wife is entitled to sue for and recover the medical expenditures. She may do so when she has contracted or incurred liability for her medical treatment, or when she has paid for the medical services rendered. Irwin

v. McDougal et al., 217 Mo.App. 645, 274 S.W. 923; McLean v. Kansas City, 81 Mo. App. 72; Ashby v. Elsberry & N. H. Gravel Road Co., 111 Mo.App. 79, 85 S.W. 957; Tinkle v. St. Louis & S. F. Ry. Co., 212 Mo. 445, 110 S.W. 1086. And, as stated by this court in McLean v. Kansas City, supra, (cited by defendant) "the wife may recover for medicines and medical attention where the charge therefor is made against her. In such case these elements of damages are taken away from the husband and given to the wife". Whether any of the above exceptions to the general rule have been shown by the evidence we need not determine, in view of our disposition of this appeal.

The judgment is reversed and the cause remanded for a new trial.

All concur.