**Norman HEIMOS, Appellant,**

v.

**Richard McLean BRUCE and Heitz Lumber Company, a Corporation, Respondents.**

No. 50834.

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 13, 1965.

James B. Herd and Deeba, DeStefano, Sauter & Herd and Sullivan & Joyce, St. Louis, for plaintiff-appellant.

Charles E. Gray, Gray & Sommers, St. Louis, for defendants-respondents.

HIGGINS, Commissioner.

Action for $100,000 damages for personal injuries in which a jury awarded plaintiff a verdict of $50,000. Defendants' motion for new trial was sustained and plaintiff has appealed from the order granting a new trial.

On November 2, 1959, plaintiff was operating a pickup truck southwardly on Telegraph Road in St. Louis County and was struck from behind by a truck owned by defendant Heitz Lumber Company and driven by defendant Richard McLean Bruce. Plaintiff charged defendants with negligence of following too closely and under the rear end doctrine, and alleged that such negligence was the cause of injury to his spinal column and nervous system.

The issue of following too closely was submitted by Instruction No. 1:

"The Court instructs the jury that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such preceding vehicle and the traffic upon and the condition of the roadway.

"The Court further instructs * * * that defendants * * * have admitted that on November 2, 1959, defendant, Richard McLean Bruce, as the employee and agent of the defendant, Heitz Lumber Company, while operating a motor truck on Telegraph Road, an open and public highway, came into contact with a motor vehicle being operated by plaintiff; therefore, if you find and believe from the evidence that defendant, Richard McLean Bruce, was operating a motor truck in a southwardly direction on said Telegraph Road, if so, twenty-five feet to the rear of and following the motor vehicle of plaintiff, if you so find, and you further find that plaintiff brought his vehicle to a stop just north of the intersection of Telegraph Road and Bridgeview Lane, if you so find, and if you further find and believe from the evidence that the front end of the motor truck being operated by defendant, Richard McLean Bruce, came into collision with the rear end of the motor vehicle operated by the plaintiff, if so, and if you find that in operating the motor truck twenty-five feet to the rear of the motor vehicle of plaintiff, if you so find, defendants * * * failed to exercise the highest degree of care and were guilty of negligence, if you so find, *and if you further find that as a direct and proximate result of defendants' negligence, if any, the plaintiff was injured,* if you so find, and if you further find and believe * * * that plaintiff was not negligent under Instruc-

tion No. 3, if you so find, then your verdict will be in favor of the plaintiff, * * *." (Italics added.)

The issue of negligence under the rear end doctrine was submitted by Instruction No. 2: "The Court instructs the jury that defendants * * * have admitted (etc., as in No. 1); therefore, if you find and believe from the evidence that the plaintiff was operating a motor vehicle in a southwardly direction on Telegraph Road, if so; and you further find that plaintiff brought his motor vehicle to a stop just north of the intersection of Telegraph Road and Bridgeview Lane, if you so find, and if you further find and believe from the evidence that defendant, Richard McLean Bruce, was operating a motor truck in a southwardly direction on said Telegraph Road, to the rear of and following the motor vehicle of plaintiff, if so, and if you further find and believe * * * that defendant, Richard McLean Bruce, caused, allowed and permitted the front end of the motor truck he was driving, if you so find, to run into and collide with the rear of the motor vehicle operated by the plaintiff, if so, and if you find that in thus operating said motor truck, if you so find, defendants * * * failed to exercise the highest degree of care and were guilty of negligence, if you so find, *and if you further find that as a direct and proximate result of defendants' negligence, if any, the plaintiff was injured*, if you so find, and if you further find * * * that plaintiff was not negligent under Instruction No. 3, if you so find, then your verdict will be in favor of the plaintiff, * * *." (Italics added.)

By Instruction 3-A the jury was instructed: "By the term 'highest degree of care' is meant that degree of care that a very careful and prudent person would ordinarily exercise under the same or circumstances similar to those shown by the evidence, and you are instructed that the terms 'negligent' and 'negligence' as used in these instructions mean the failure to exercise the highest degree of care."

In their motion for new trial defendants charged that the court erred in giving Instruction No. 1 because it submitted general negligence, permitted the jury to speculate as to defendants' negligence, and permitted a finding of negligence in any respect without limiting the finding to specific conduct submitted in the instruction; and that Instruction No. 2 was error because it permitted the jury to find in favor of plaintiff if defendants were negligent in any respect without limiting defendants' negligence to specific conduct submitted in the instruction. The trial court sustained the motion for new trial "on the grounds of error in Instructions Nos. 1 and 2."

In support of the court's ruling respondents argue that the negligence submitted in the italicized portion of Instruction No. 1 is not linked by reference to the alleged act of permitting the front of defendants' vehicle to collide with the rear of plaintiff's vehicle and that, by the italicized portion, the instruction submits general negligence and is not limited to the alleged negligence mentioned in the preceding portion of the instruction. They argue similarly that the italicized portion of Instruction No. 2 causes the instruction not to limit the jury to the alleged negligence of defendant Bruce in following 25 feet to the rear of plaintiff and thus submits general negligence.

In Endermuehle v. Smith, Mo., 372 S.W. 2d 464, an instruction was held erroneous in a situation directly in point and decisive here. There the court submitted defendant's counterclaim on plaintiff's specific primary negligence in failing to yield the right of way by Instruction No. 5: "The Court instructs the jury that if you find and believe * * * that defendant was operating an automobile eastwardly on Hoffmeister Avenue in the exercise of the highest degree of care and that plaintiff was operating an automobile southwardly on Reed Avenue and was to the left of defendant, and if you find that both vehicles entered the intersection at approxi-

mately the same time and thereafter collided;

"And if you further find and believe, that when plaintiff was approaching said intersection plaintiff saw or in the exercise of the highest degree of care could have seen defendant approaching said intersection and knew or should have known that said vehicles would reach the intersection at about the same time, then the Court instructs you that it was the duty of plaintiff to yield the right of way to defendant;

"The Court further instructs you, that if you find and believe that plaintiff in the exercise of the highest degree of care could have yielded the right of way to defendant but failed to do so, then the Court instructs you that plaintiff was negligent in operating her automobile;

"And if you find and believe, that the negligence if any, of plaintiff directly caused the collision and the automobile operated by defendant to be damaged, then your verdict must be for defendant on her counterclaim * * *, unless you find for plaintiff under Instruction No. 3."

That court also gave Instruction No. 2:

" * * * that under the law every person operating a motor vehicle on the public highways * * * shall exercise the highest degree of care, that is to say, with the degree of care which a very careful and prudent person would exercise under the same or similar circumstances, and the Court further instructs the jury that the failure to exercise such care constitutes negligence on the part of any person so operating an automobile."

The court noted that Instruction 5 contained three hypotheses of specific primary negligence which were not actually complete "severally each in itself" and that the third hypothesis and a final paragraph were linked by "and." "Nevertheless, we have the opinion the 'negligence' spoken of in the fourth paragraph is not, in the fourth paragraph, linked by clear reference to the 'specific primary negligence' hypothesized in the preceding three paragraphs of the instruction * * *.

"It may be that the drafter of the instruction (No. 5) inadvertently left out some such word as 'aforesaid' as qualifying the word 'negligence' spoken of in the fourth paragraph. But, regardless of how the omission came about, the fact is that such a word isn't there. And the omission of some such word as 'aforesaid' in qualifying the word 'negligence' in the fourth paragraph brings into play and perverts the intended incidence and effect of the expression 'if any' immediately after the word 'negligence' in the fourth paragraph.

"We know the purpose of the expression 'if any,' interposed in an instruction, is usually to make clear to a jury that some hypothesized fact preceding the expression 'if any' is to be understood by the jury as submitted to the jury and not by the trial court assumed to be true; and no doubt this was the purpose of the drafter of Instruction No. 5. But the 'negligence' spoken of in the fourth paragraph not clearly referring to the specific primary negligence hypothesized in the first three paragraphs, the expression 'if any' in its setting in 'negligence, if any, of plaintiff' readily could be interpreted by a juror, a layman of average intelligence, as meaning '*any* negligence of plaintiff.'

" * * * the jury's view readily could have been confused and distorted into believing that they, the jurors, were to consider *any* kind of conduct, act or omission, of plaintiff—antecedent or primary or contributory, and whether or not specifically submitted, that they, the jurors, thought was in the failure to exercise the highest degree of care and which they, the jurors, thought should be decisive on the factual issues of causal negligence." 372 S.W.2d 464, 1. c. 468–9[9]. See also Jones v. Jones, Mo.App., 384 S.W.2d 807, 811 [1].

Appellant contends that Instruction No. 1 is not error because it is virtually the

same as approved for a submission of following too closely in Gooch v. Avsco, Inc., Mo., 337 S.W.2d 245, 250 [5], and that Instruction No. 2 is patterned after the instruction submitting the rear end doctrine in Witherspoon v. Guttierez, Mo., 327 S.W. 2d 874, 877, and in Croney v. Pence, Mo. App., 346 S.W.2d 574, 575–6 [1]. Examination of those instructions shows that they do not contain the error which exists in Instructions Nos. 1 and 2 of this case. In Gooch v. Avsco, Inc., supra, the finding in the place of the italicized portion of Instruction 1 was "and that *such* negligence, if any, directly caused * * * plaintiff's injuries." In Witherspoon v. Guttierez, supra, the finding required in the place of the italicized portion of Instruction 2 was "and if you further find that *said* negligence, if any, * * * caused * * * defendant's automobile to collide * * *"; and in Croney v. Pence, supra, the required finding was "and that as a direct result of *such* negligence, if any you find, on the part of the defendant * * *." Thus, all of those cases contained a reference to the preceding hypotheses of negligence, which is omitted in our Instructions 1 and 2.

Retrial of this case will be under Missouri Approved Jury Instructions, and we note that MAI 17.16 for the submission of the rear end doctrine and MAI 17.09 for the submission of following too closely in connection with MAI 17.01 and 17.02, also require the use of the word "such" in linking the hypothesis of negligence to resulting injury. See also Missouri Civil Instructions (§ 9.12), Causation, p. 121.

Accordingly, for error in the giving of Instructions Nos. 1 and 2, the order granting a new trial is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.